O'Keefe v. The Chicago, Rock Island & Pacific Railroad Co.

O'KEEFE, Admx., v. THE CHICAGO, ROCK ISLAND &
PACIFIC RAILROAD CO.

*Negligence: RAILROAD: LIABILITY FOR INJURIES. The doctrine of comparative negligence does not prevail here, but that of contributory negligence; and under this latter doctrine a plaintiff cannot recover of a railroad company for an injury to which his own negligence has contributed, notwithstanding the negligence of the company.*

*Appeal fom Polk District Court.*

SATURDAY, OCTOBER 21.

ACTION by an administratrix to recover damages for the death of her husband, Dennis O'Keefe, alleged to have been killed by being run over on the defendant's road, through the negligence of the defendant's agents and employees. Defense in denial, and also that the death was caused by the drunkenness and negligence of the plaintiff's intestate. There was a jury trial, resulting in a verdict and judgment for plaintiff for $1,000. The defendant appeals.

*Withrow & Wright* for the appellant.

*Finch & Rivers* for the appellee.

COLE, J. — The evidence shows that the plaintiff's intestate, Dennis O'Keefe, was in a state of intoxication on the evening of the 14th day of February, 1868, and that he was lying on or very near to the track of the defendant's road, a short distance east of the bridge across the Des Moines river, in the city of Des Moines; that on or about that day the defendant had just completed its track across the bridge, and an engine, with a pay car attached,

arrived at the depot on the east side at about seven o'clock in the evening of that day; the chimney to the head-light of the engine was broken, so that the light could not be used, and a man was stationed on each side of the entrance to the cab, with a lamp or lantern held out as far as practicable, so as to afford light ahead, and in that way the engine and car were run from the depot on the east side to the west side, at the rate of about three miles per hour, with the bell constantly ringing. The engine and car run over the leg of the deceased without any one knowing it. He was shortly after found lying diagonally to the track, with his legs nearer to it than his head; he was still intoxicated, and said "his leg hurt him." He was taken to a hotel near by, and his leg amputated below the knee, and in a few hours after he died. His condition of intoxication, and previous protracted intemperance, made his recovery, from the first, less probable. He was fifty-two years old.

After the evidence was closed, the defendant asked the court to instruct the jury as follows: "If you are satisfied from the evidence that Dennis O'Keefe, plaintiff's intestate, was, a short time before the alleged injury, in a state of intoxication; that in such condition he went upon defendant's railroad and laid himself down upon the track, or fell down unable to support himself because of such intoxication; that remaining in that condition a passing train crushed one of his legs; that after the injury he was yet under the influence of intoxicating liquors drank before the injury; that the injured limb was amputated and death ensued, you will find for the defendant, unless you further find from a preponderance of the evidence that defendant or its agents had knowledge that he was thus lying in time to prevent the accident," to which the court added, and then gave it, "*or, could have known with the exercise of ordinary caution.*" This modification was excepted to at the time, and is now assigned as error.

The well-established law of this State is, that in an action to recover damages for the negligent act of the defendant, the plaintiff will not be entitled to recover if his own negligence contributed directly to the injury. In other words, this court recognizes and applies the doctrine of "contributory negligence," and not the doctrine of "comparative negligence." The latter doctrine obtains only in Illinois and Georgia, while the former obtains in the other States, and also in the Federal courts. The modification complained of ignored the doctrine of contributory negligence, and substantially told the jury that plaintiff might recover without regard to his negligence, if the defendant could have prevented the injury with the exercise of ordinary caution. The doctrine of the modification goes even farther than that of comparative negligence; for, by the latter, a plaintiff can only recover when he shows the defendant's negligence to have been greater, by comparison, than his, while by the modification the plaintiff might recover if the defendant did not exercise ordinary caution, although the plaintiff's intestate may have been guilty of a much greater negligence in laying himself down, in a condition of intoxication near to or upon the track. A similar modification was made to the second instruction. In each there was error.

Reversed.