HORACE THOMPSON and another, Trustees, *vs.* FIRST DIVISION OF THE SAINT PAUL & PACIFIC RAILROAD COMPANY and others.

February 24, 1880.

Sale under Foreclosure Decree—Sheriff's Fees.—For selling mortgaged personal property upon a decree of foreclosure, the statute allows the sheriff of Hennepin county a compensation of three dollars only.

The defendant, on July 1, 1868, executed and delivered to plaintiffs, as trustees for bondholders, a mortgage on its line

of railroad from St. Anthony to Breckenridge, with its appurtenances and land-grant, to secure bonds to the amount of $6,000,000. As further security for the mortgage bonds, the defendant agreed by the terms of the mortgage to deliver, and did deliver, to the plaintiffs, certain other bonds, to the amount of $1,500,000, which had been executed on March 1, 1864, and were secured by a trust mortgage executed and delivered on that day, upon the first 150 miles of the same railroad, but which bonds had not been issued or negotiated by defendant until so delivered to plaintiffs. Suit having been brought in the district court for Ramsey county, to foreclose the $6,000,000 mortgage, a decree was entered therein on March 24, 1879, directing that the bonds so held as collateral security be first sold as one property and in one parcel, and that the railroad, lands, etc., be sold as one property, both sales to be made by the sheriff of Hennepin county. The bonds were put up for sale accordingly by the sheriff, and sold for $900,000. In making his report of the sale, the sheriff claimed and asked to be allowed the sum of $18,000, as his fee for making the sale. This allowance was refused by the court, *Brill*, J., presiding, and the sheriff was allowed but $3, the statutory fee for selling land under decree of foreclosure; and he appeals from the order making such allowance.

*Shaw, Levi & Cray*, for appellant.

*Geo. L. & Chas. E. Otis*, for the trustees, respondents.

*Bigelow, Flandrau & Clark*, for the railroad company, respondent.

BERRY, J.* The question in this case is, what compensation does the statute allow the sheriff of Hennepin county for selling mortgaged personal property, upon a decree of foreclosure of the mortgage thereof? The compensation to which the sheriff of Hennepin county is entitled for official services is prescribed by special acts of the legislature. Section 6, c. 324, Sp. Laws 1879, provides that such sheriff

*Gilfillan, C. J., having been of counsel, did not sit in this case.

"shall receive the fees now provided by law.   *   *   When no provision has been made by special law for any services which said sheriff may be required to perform, he may receive therefor such compensation as is allowed therefor by general law."

No special law contains any specific provision as to the compensation which the sheriff of Hennepin county is entitled for selling mortgaged personal property, as in this case. Neither does the general law contain any such *specific* provision, but Gen. St. 1878, *c.* 70, § 11, after having prescribed specific fees for certain enumerated services performed by sheriffs, adds, that "for any services not herein enumerated, which a sheriff may be required to perform, he shall receive the fees herein allowed for similar services." Under this provision of statute the appellant must seek and receive compensation for the sale in question, if at all. This brings us to inquire what enumerated services for which fees are allowed to sheriffs by the general law are similar to the services of a sheriff in selling mortgaged personal property, under a decree of foreclosure of the mortgage thereof. · In allowing for non-enumerated services the same fees allowed for similar enumerated services, the statute evidently proceeds upon the reasonable basis that similar services should receive similar compensation. Without undertaking to prescribe a rule which, even upon this basis, will invariably, or perhaps usually, work exact justice, the manifest design of the statute is that whenever an unforeseen and therefore unenumerated service is performed by a sheriff, he shall be entitled to receive the same compensation which he is entitled to receive for the enumerated service which, upon the whole, it most resembles. Restated, then, upon this view of the statute, the question is, what enumerated services of a sheriff do the services to which this appeal relates most resemble?

The appellant contends that they most resemble the services described in Gen. St. 1878, *c.* 70, § 11, as follows: "Collections on executions, when the same is collected or settled

after levy, at the rate of four per centum upon the first $250, and two per centum upon the excess of that sum."

The respondent contends that they most resemble the services described in a subsequent provision of the same section, as follows: "Selling land on decree by foreclosure,    *    *    * three dollars."

We agree with the respondent. The only difference between the sale in question in this case, and the sale provided for in the statutory provision cited by the respondent, is that the former is a sale of personal property, the latter a sale of land. Both are sales on decree of foreclosure, in which the property to be sold is specifically designated in the decree. On the other hand, neither in case of a sale of personal or real property, upon a decree of foreclosure, is there any execution, such as is referred to in the statutory provision cited by the appellant in reference to collections upon executions, etc. This is apparent from a reference to the statute of executions, Gen. St. 1878, c. 66, tit. 23. The sale under the decree is not a sale upon execution at all.

The property to be sold upon the decree is not only specifically designated in the decree, but it is bound by the lien of a mortgage. It is not necessary, as in case of an execution, for the officer to make search for property belonging to the judgment debtor, nor, as in case of a levy of execution, to seize and hold it in anticipation of a sale. It is, at most, enough if he has it present at the sale, subject to the inspection of intending bidders, and ready for delivery to the purchaser.

For these, with other reasons, we are of opinion that the court below was right in awarding to the appellant the sum of three dollars only for his services in making the sale to which this appeal relates.

Order affirmed.