REASON DENMAN *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

February 24, 1880.

**Railroad—Contributory Negligence.**—The plaintiff seeks to recover damages for injuries occasioned to him by being run over by a train upon defendant's railroad. *Held*, that the action was properly dismissed by the trial court at the close of the plaintiff's testimony, it clearly appearing that the plaintiff's injuries were wholly attributable to his own negligence.

Appeal by plaintiff from an order of the district court for Washington county, *Crosby, J.*, presiding, refusing a new trial.

*Thos. Lecky* and *James N. & Ira W. Castle*, for appellant.
*James Smith, Jr.*, for respondent.

BERRY, J. The plaintiff was run over by a train on defendant's railroad. He brings this action for damages, alleging that the defendant ran the train over him "negligently, carelessly, wantonly and recklessly, and without fault on his part." The defence is that the injury was the result of the plaintiff's own negligence in placing himself upon the track, and that defendant was guilty of no negligence or misconduct in the premises. The case went to trial before a jury, but at the close of the testimony for the plaintiff, the court, upon defendant's motion, dismissed it, upon the ground that plaintiff had not made out a cause of action. The question for us is, did the evidence reasonably tend, *prima facie*, to establish the plaintiff's alleged cause of action?

This is the state of facts which the evidence tended to establish: The plaintiff was travelling on foot, on a country road, crossing the defendant's railroad, and carrying a sack of provisions. After depositing his sack upon the westerly rail of defendant's track, which there ran about north and south, he sat down outside of the track, between two ties, at a distance of six or eight inches from the westerly rail, his head towards the track, his feet to the west, his elbow on the sack, his head on his hand, and "dropped off into a sleep."

From his own testimony it appears that he had been drinking, and that he felt the influence of the liquor, and he also swears that he could not tell, when he sat down, if the train would hit him. How long he slept he is unable to say, as he recollects nothing which occurred after he fell asleep, except what occurred after he had been run over. The train ran over him, cutting off both his feet, and bruising his left side. How he came to be twisted round, to use his own language, into a position of body which would expose him to these particular injuries, he is wholly unable to explain. There is no evidence tending to show that the plaintiff was seen by any person upon the train, and none tending to show that the plaintiff's injuries were wilfully, wantonly, or intentionally inflicted. The testimony as to the locomotive whistle is of no importance whatever.

The only negligence upon the part of defendant's employes upon the train, which the plaintiff argues that the evidence tends to establish, is evidence going to show that the track at the place of the accident, and for a long distance on either side of such place, was level and straight, so that an object on it no larger than a man's hat could be seen for four or five hundred yards, and that, therefore, the employes were negligent in not observing the defendant. In our opinion this is no evidence whatever of negligence on the part of the defendant in a case of this kind. The plaintiff had no right whatever to sit or lie down upon the track, or near enough to it to be within reach of a passing train, and go to sleep. If he saw fit to do so, he took the risk upon himself. The defendant owed him no duty, except that of exercising due diligence to avoid injuring him, after discovering that he was there. If the defendant's employes in charge of the train had neglected to watch the track, and so had failed to observe some obstruction by which the train was thrown from the track, and, as a consequence, a passenger was injured, the case (unless some excuse appeared) might well be one in which the defendant would be liable to the passenger for negligence.

The reason would be because the defendant owed the passensenger a duty, the neglect of which had occasioned the injury. But, for the reasons before given, the plaintiff occupies a position entirely different from that of the passenger.

The case at bar, then, appears to be one in which the plaintiff's injury was wholly attributable to his own negligence. Of course, he cannot recover.

Order affirmed.