# Columbus & Western Railway Co. *v.* Wood.

*Action for Damages against Railroad Company, by Administratrix of Person Killed.*

1. *Trespassers on railroad track; drunkenness as excusing contributory negligence.*—Except at public crossings, and within the limits of cities and towns, a railroad company is under no obligation to maintain a special lookout for intruders or trespassers upon its track, and is only bound to the exercise of reasonable diligence after they are or ought to be discovered; and the fact that the trespasser was at the time intoxicated does not affect the principle, when it is not shown that the persons in charge of the train had knowledge of it.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Mrs. F. A. Wood, suing as administratrix of the estate of her deceased husband, W. B,

Wood, to recover damages for the alleged negligent act of the defendant's servants, who were in charge of the engine and cars by which he was run over and killed; and was commenced on the 26th February, 1885. The defendant pleaded not guilty, and contributory negligence; and the cause was tried on issue joined on these pleas. On the trial, the defendant reserved exceptions to several rulings of the court on evidence, to several charges given on request of the plaintiff, and to several charges asked and refused; and all of these rulings are now assigned as error.

GEO. P. HARRISON, for appellant, cited *M. & C. Railroad Co. v. Womack*, 84 Ala. 149; *Palmer v. Railroad Co.*, 31 Am. & Eng. R. R. Cases, 364; *Kean v. B. & C. Railroad Co.*, 19 *Ib.* 32; Beach on Contributory Negligence, 392-94, and authorities there cited.

JOHN M. CHILTON, *contra*, cited Shear. & Redf. on Negligence, §§ 36, 493; Beach on Contr. Neg., § 146; *Austin v. Steamboat Co.*, 43 N. Y. 75; *Gothard v. Ala. Gr. So. Railroad Co.*, 67 Ala. 114; *Robinson v. Pioche*, 5 Cal. 460; *O'Keefe v. Railroad Co.*, 52 Iowa, 467; 60 Mo. 323; 61 Texas, 613; 36 Md. 366; 5 Snead, Tenn. 524; 56 Ala. 507.

STONE, C. J.—The intestate of appellee was killed by appellant, at a point on its road which was not in a city or town, nor at a public crossing. In *M. & C. Railroad Co. v. Womack*, 84 Ala. 149, the entire court held, that when a trespasser complains of an injury so suffered, the burden is on the plaintiff to show want of diligence on the part of those in charge of the train. In the same case, the entire court held, that the fact that the person injured was intoxicated at the time, does not relieve him of the charge of contributory negligence, when it was not known to the persons in charge of the train. In these propositions the entire court concurred. In the same case a majority of the court held, and thus made it the law of this court, that except at public crossings, and within the limits of cities or towns, a railroad company is under no obligation to keep a special lookout for intruders or trespassers on its track, and is only bound to reasonable diligence, after they are or ought to be discovered.

The result of the rulings in *Womack's case, supra*, is, that, as to the deceased, the railroad company was under no

[Columbus & Western Railway Co. v. Wood,]

obligation to maintain a lookout; that his intoxication imposed on the company no increase of diligence, unless the officers in charge of the train had knowledge of it; that, in the absence of such knowledge, the same rule applies to him as to a sober man; that the measure of diligence the corporation owed him is what the books call ordinary diligence, and that the burden of proving that it had not bestowed such diligence was on the plaintiff.

In Beach on Contributory Negligence, § 146, is the following language: "Drunkenness is a wholly self-imposed disability, and, in consequence, is not to be regarded with that kindness and indulgence which we instinctively concede to blindness, or deafness, or any other physical infirmity. Trespassers go at their peril. That is settled law. Much more is it just to hold that they make themselves drunk at their peril. Disabilities, moreover, of any kind, are to be a shield, and never a sword. It would be a strange rule of law that regarded a certain course of conduct negligent and blame-worthy upon the part of a sober man, but that held the same conduct on the part of the same man when intoxicated, venial and excusable. Drunkenness will never excuse one for a failure to exercise the measure of care and prudence which is due from a sober man under the same circumstances."

This is strong language, but it is sound logic and sound law. It would be monstrous to hold that a railroad corporation owes a higher duty to a drunken trespasser than to a sober one, when it is without the means of determining whether the intruder is sober or drunk. The following authorities sustain the text of Mr. Beach : 4 Amer. & Eng. Encyc. of Law, 78-9; *Richardson v. W. & M. R. R. Co.*, 8 Rich. Law, 120; *Herring v. W. & R. Railroad Company*, 10 Ire. Law, 402; s. c., 51 Amer. Dec. 395; *Southwestern R. R. Co. v. Hankerson*, 61 Ga. 114; *McClelland v. L., N. A. & C. R. R. Co.*, 94 Ind. 276; *C., R. I. & Pac. R. R. Co. v. Bell*, 70 Ill. 102; *Whalen v. St. L., K. & N. Railway Co.*, 60 Mo. 323; *L., R. & Ft. Smith Railway Co. v. Parkhurst*, 36 Ark. 371; *Denman v. St. P. &. D. R. R. Co.*, 26 Minn. 357; *Kean v. B. & O. R. R. Co.*, 19 Amer. & Eng. R. R. Cases, 321; *Mulherrin v. D., L. & W. R. R. Co.*, 81 Penn. St. 366; *B. & O. R. R. Co. v. Dougherty*, 36 Md. 366; *L., S. & M. So. R. R. Co. v. Miller*, 25 Mich. 274; *Yarnall v. St. L., K. C. & N. Railway Co.*, 75 Mo. 575; *H. & T. C. Railway Co. v. Sympkins*, 54 Tex. 615.

[Columbus & Western Railway Co. v. Wood.]

The substance of the proof, bearing on the condition and position of the deceased at the time of the injury, may be summarized as follows: He was quite drunk, lying outside of the track, and at right angles to it; his head between the jutting ends of two cross-ties, in a depression, and invisible until you came near upon it; a small portion of his body, commencing with his chest and extending down, was slightly visible to an approaching engineer at his post; but no part was visible which approached nearer than sixteen or eighteen inches to the rail. Until he raised his head, as after shown, it could not be determined from what was visible that it was a human being. When the train was so near to him that it was impossible to stop it before striking him, he raised his head, and thus disclosed for the first time that it was a human being. If he had not raised his head, the train would have passed without harming him.

The testimony in this case is without material conflict. There is not a semblance of proof tending to show negligence in the railroad's officials, while it is shown that plaintiff's intestate was guilty of the grossest negligence. So reckless was his conduct, that if he had been sober, his death could have been properly characterized as intentional suicide. And inasmuch as no indulgence can be claimed by reason of his drunkenness, unless his condition was known, of which there is no pretense of proof, the rights of the present plaintiff must be tested by the same rules as if intestate had been sober. Tested by that rule, there is not enough shown to authorize its submission to the jury, on an inquiry of negligence *vel non*. The plaintiff's case, viewed in the most favorable light, is insufficient to uphold a verdict in her favor, should the jury so find.

To justify a recovery in a case like the present, it is not enough that the railroad company should be shown to have been negligent. The rule requires more than this. When the party complaining was himself guilty of negligence which contributed proximately to the injury, to entitle him to a verdict, he must show that the conduct of the defendant was intentional, wanton, or reckless.—3 Brick. Dig. 673, §§ 27, 32.

There are two obvious reasons why the general charge should have been given in favor of the defendant: *First*, the fourth plea of defendant set up certain alleged facts in bar of the action. Plaintiff, without questioning its legal sufficiency, took issue upon it. The proof fully sustained

the averments of this plea, and hence was a defense to the action. In the second place, the proof fails to make a case entitling plaintiff to a recovery, and for that reason the general charge should have been given.

We need not notice other rulings, as what we have said will be a sufficient guide on another trial.

Reversed and remanded.