CHARLES MURCH, as Administrator, etc., of CHARLES MURCH, Deceased, Appellant, v. THE WESTERN NEW YORK AND PENNSYLVANIA RAILROAD COMPANY, Respondent.

*Locomotive engineer — his duty upon discovering a human being on the track.*

It is not the duty of an engineer on a locomotive running on a steam railroad to slow up or stop his train upon seeing an object on the track 400 or 500 feet distant before he becomes aware that such object is a human being. He has the right to assume in the first instance that if it is a man he will leave the track, but when he discovers that the trespasser is not aware of the approach of the train, it is his duty in good faith to do all that he reasonably can to avert the disaster.

APPEAL by the plaintiff, Charles Murch, as administrator, etc., of Charles Murch, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 8th day of January, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Monroe Circuit.

*John H. Hopkins*, for the appellant.

*Frank Rumsey*, for the respondent.

LEWIS, J. :

The deceased wandered upon the defendant's track in the city of Rochester, and either fell or voluntarily laid down upon the track and went to sleep. He was intoxicated at the time.

He had been seen a short time before, walking along by the side of the track, staggering like a drunken man. He was run over and killed by one of defendant's trains of cars, which was running into the city of Rochester upon the track upon which the deceased was lying.

It was in the middle of the afternoon and was snowing at the time.

The engineer, fireman, conductor and one of the brakemen were upon the engine at the time. There was one other brakeman upon the train and he was on one of the cars. Six freight cars composed the train.

When the engine had reached a point about 400 to 500 feet distant from the deceased, the brakeman upon the engine discovered an object upon the track, but was not able to determine what it was. He called the engineer's attention to it, and he was not able to distinguish what it was until the engine had reached a point about six or eight cars' length of the object, a distance of about 200 or 250 feet, when he discovered that the object was a man. The engineer immediately reversed his engine, gave the signal to apply the brakes, and did everything he could to stop the train, but failed to do so until the engine and two cars had passed over the deceased.

There was quite a sharp curve in the track at the place of the accident. The engineer's place upon the engine was upon the other side of the track from where the deceased was lying.

This fact, and the falling snow, probably prevented his seeing the deceased as soon as he otherwise might.

The deceased was lying upon the company's land between two highway crossings. There is no evidence that the train was running at an improper rate of speed, nor that anything was omitted by the persons having charge of the train to avert the disaster after it was known that the object upon the track was a man.

It cannot, with any propriety, be claimed that it was the duty of the engineer to slow up or stop his train before he became aware that the object upon the track was a human being. He had the right to assume in the first instance that if it was a man he would

leave the track. When he discovered that the trespasser was not aware of the approach of the train, it was his duty, in good faith, to do all he reasonably could to avert the disaster.

The plaintiff failed to show that the employees in charge of the train were guilty of any negligence in its management after they became aware of the peril.

It is suggested by the appellant's counsel that the brakeman, who was shown to have been upon the engine, should have been upon one of the cars; that if he had been he might have assisted in stopping the train by applying the brake.

It was not shown that the brakeman who was on one of the cars had time to apply the brake after the danger signal was given, and before the engine reached the deceased.

The plaintiff did not furnish any facts from which the jury would have been justified in finding any negligence on the part of the defendant in failing to stop the train sooner than it did.

We fail to find in the case any evidence of negligence on the part of the defendant which would have justified the jury in giving the plaintiff a verdict, had the case been submitted to them.

The judgment should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from affirmed.