## ST. LOUIS & S. F. RY. CO. et al. v. BENNETT.

(Circuit Court of Appeals, Eighth Circuit. September 2, 1895.)

### No. 581.

1. RAILROAD COMPANIES—LIABILITY FOR NEGLIGENCE—INJURIES TO PERSONS ON TRACK.

The only duty which a railroad company owes to those who, without its knowledge or consent, enter upon its track, not at a crossing or other public place, is not wantonly and unnecessarily to inflict injury upon them after its employés have discovered them. It owes them no duty to keep a lookout for them before they are discovered.

2. SAME—LICENSE TO USE TRACK.

The continued use by strangers of a railroad track for their own purposes, without any express license or invitation, and without any notice or knowledge thereof by the railroad company, can raise no implied license in respect to such use, and would impose upon the company no duty of active vigilance to the persons engaged therein.

3. NEGLIGENCE—UNFORESEEN INJURIES.

Injuries which could not have been foreseen or reasonably anticipated as the probable result of an act of negligence, or which are not the natural consequences thereof, and would not have resulted from it but for the imposition of a new and independent cause, are not actionable.

4. SAME—CONTRIBUTORY NEGLIGENCE.

One who is injured in a dangerous place, where he has voluntarily placed himself with knowledge that he would inevitably be injured there unless he speedily removed himself, necessarily contributes to an injury which results before he removes himself.

5. RAILROAD COMPANIES—INJURIES TO PERSONS ON TRACK.

A railroad spur track ran between two sheds owned by a lumber company, and when the track was not in use the lumber company's employés were accustomed, without the consent or knowledge of the railroad company, to transfer lumber from one shed to the other by means of a movable tramway which they placed across the track from one platform to the other. When an engine came in upon this track the employés of the lumber company would jump quickly to the ground, and push the tramway back under one of the platforms. Deceased was engaged with others in thus transferring lumber, when a switch engine came in from the

main track, leaving the switch open. The tramway had been placed across the track, in an opening in a line of box cars standing thereon. On seeing the switch engine, deceased and three others started to remove the tramway, when a freight train, moving rapidly upon the main track, ran into the switch, shoved the cars along, and crushed the workmen between them. The latter had left no one in a position to see the train or give notice of the danger, and they were not seen by those upon the train. *Held,* that it was error to charge that under these circumstances the want of notice, either of deceased's position, or of this accustomed use of the track, was no defense to the action, and that there was no evidence of contributory negligence.

6. CONDUCT OF TRIAL—UNWARRANTABLE ARGUMENTS AND COMMENTS.

While considerable latitude may be allowed to counsel in their criticism of the testimony, they ought not to indulge in extended discussion of questions not presented by the evidence, for the purpose of exciting passion and prejudice on the part of the jury, or in gross misstatements of the evidence, or in clearly erroneous declarations of the law, when it has been announced by the court.

In Error to the Circuit Court of the United States for the Western District of Arkansas.

This was an action by Margaret L. Bennett, administratrix of the estate of W. W. Bennett, the defendant in error, to recover damages from the St. Louis & San Francisco Railway Company and its receivers, the plaintiffs in error, for the death of the intestate, which she alleged was caused by the negligence of the company in leaving a switch open, and in running a freight train at an excessive rate of speed. The company denied negligence, and alleged that the injuries were caused by the negligence of the intestate. There was no dispute about the essential facts of the case. The scene of the accident was a spur track of the railway company, which extended from its main track at Van Buren, in the state of Arkansas, between two long lumber sheds that belonged to the Long-Bell Lumber Company. The platforms of these lumber sheds were about 4 feet high, and the space between them, in which the cars ran upon this spur track, was about 16 feet wide. It was about 4 o'clock in the afternoon of a November day in 1893. A switch engine, with its crew, had entered the spur from the main track for the purpose of moving cars on the former, and the switch had been left open. There were about 14 freight cars upon the spur track, and between the 2 sheds there was an opening between 2 of these cars, which had been made before the switch engine came upon the track. This space was about 20 feet wide. In it the employés of the lumber company had placed a tramway, one end of which rested upon timbers under the platform upon one side of the track, and the other upon the platform upon the other side. When the railroad company was not using the spur track, this tramway was used by the lumber company to enable its employés to transfer lumber across the track from one of its sheds to the other. Whenever a switch engine came upon this spur track to move cars, it had been the custom for those employés of the lumber company who happened to be nearest to the tramway to immediately jump down upon the railroad track, in the space between the cars, and push the tramway back under one of the platforms. At the time of this accident there were some box cars between the engine and the space where the tramway was, and about a dozen of them beyond that space. None of the officers or employés of the railroad company knew that the lumber company or its employés had been using this tramway across its track, or had any notice or knowledge that the tramway, or any of the employés of the lumber company, were across or upon its track; and the employés of the railroad company who operated the engines on that day could not have seen them, in this space between the cars, from any place they had reached or passed before the accident. The deceased was an employé of the lumber company. When the switch engine came in upon the spur track, he and five other employés of that company jumped down upon the track between the cars and began to push the tramway back under the platform of the shed. From this hole between the lumber sheds and the platforms they could not see a train or engine approaching on the railroad

tracks nor could those approaching upon the tracks see them. They gave no notice to the employés of the railroad company that they were about to place themselves in this dangerous situation, and they stationed no one without, where he could see coming trains, to warn them of their approach. While they were in this dangerous situation a freight train came along the main track at a dangerous rate of speed, ran into the open switch, drove the switch engine and cars in upon the spur track, and the deceased and three of his colaborers were caught between the cars and killed. Upon this state of facts the court below refused to instruct the jury that the deceased was guilty of contributory negligence, refused to submit to the jury the question whether or not he was guilty of contributory negligence, and positively instructed them that if the deceased was killed by a collision that was caused by the negligence of the employés of the railroad company in running its engines and cars, or in leaving the switch open, the defendant in error was entitled to a verdict, and that it was no defense for the railroad company that its employés could not see the deceased and his colaborers, and did not know where they were when the accident occurred. There was a verdict and judgment against the company, which this writ of error was brought to review.

B. R. Davidson (Edward D. Kenna, on the brief), for plaintiffs in error.

Oscar L. Miles (U. M. Rose, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The only duty which a railroad company owes to those who, without its knowledge or consent, enter upon its tracks, not at a crossing or other like public place, is not wantonly and unnecessarily to inflict injury upon them after its employés have discovered them. It owes them no duty to keep a lookout for them before they are discovered, because they are unlawfully upon the tracks, and the railroad company is not required to watch for violations of the law. Railroad Co. v. Howe, 3 C. C. A. 121, 52 Fed. 362, 369; Railway Co. v. Tartt, 12 C. C. A. 618, 64 Fed. 823; Railroad Co. v. Cook, 13 C. C. A. 364, 66 Fed. 115; Denman v. Railroad Co., 26 Minn. 357, 4 N. W. 605; Railway Co. v. Monday, 49 Ark. 257, 261, 4 S. W. 782; Sibley v. Ratliffe, 50 Ark. 477, 483, 8 S. W. 686; O'Keefe v. Railroad Co., 32 Iowa, 467; Yarnall v. Railway Co., 75 Mo. 575; Button v. Railroad Co., 18 N. Y. 248, 259; Nicholson v. Railway Co., 41 N. Y. 525. If it were conceded that where a railroad company has given to others an express license to use its tracks for a certain purpose, and where it has invited them to make use of the tracks for such a purpose, and has thus given them an implied license so to do, it owes to these licensees the additional duty to use ordinary care to look out for them upon its tracks, and, if discovered, to warn them of the approach of its engines and trains as they pass, yet in the absence of any such express license to use, of any invitation, and of any notice or knowledge on the part of the railroad company that strangers have used or are about to use its tracks for their own purposes, the fact that they had been so used without objection would constitute no license, express or implied, and would impose upon the company no duty of active vigilance towards those who so used them. Under such circumstances the railroad company could have no reason to anticipate danger to those who were occupying its tracks without its

knowledge, and it would owe them no other duty than not to wantonly or willfully injure them after it discovered their dangerous situation. Richards v. Railway Co., 81 Iowa, 426, 430, 47 N. W. 63; Splittorf v. State, 108 N. Y. 205, 213, 15 N. E. 322; Poling v. Railroad Co. (W. Va.) 18 S. E. 782; Sutton v. Railroad Co., 66 N. Y. 243, 246; Nicholson v. Railway Co., 41 N. Y. 525, 529; Sweeny v. Railroad Co., 10 Allen, 368, 372; Gaynor v. Railroad Co., 100 Mass. 208, 214; Wright v. Railroad Co., 142 Mass. 296, 299, 7 N. E. 866; Hargreaves v. Deacon, 25 Mich. 1.

These are indisputable principles of the law of negligence. Under them, the court below fell into an error, in its charge to the effect that the fact that the employés of the railroad company, who were operating the trains at the time and place of the accident, could not see the deceased and his colaborers and did not know where they were, and the further fact that the railroad company had no notice or knowledge of the use of this tramway over its tracks by the lumber company, and of the custom of the employés to place themselves upon the track to remove it, constituted no defense to this action. The violation of a duty to the injured party, and resulting damage, are indispensable elements to a cause of action for negligence. If there is no breach of duty, there is no wrong, and hence no remedy. If the railroad company had no notice or knowledge that the employés of the lumber company were accustomed to throw themselves down upon its track whenever a switch engine approached on the spur, and if, as they came in along the tracks, the employés of the railroad company operating these engines could not see the workmen upon this track, and did not know where they were, no one in their situation could have foreseen, or could have reasonably anticipated, that an open switch and a fast-running freight train would catch four strangers to the railroad company upon this track between two box cars, and kill them. Their injury and death were not the natural and probable consequence of running a freight train against standing cars upon this spur track. This result would not have followed, had it not been for the unexpected intervention of a new and independent cause, that they could not foresee,—the voluntary descent of these unfortunate workmen upon this track without notice. But an injury that could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is not actionable, nor is an injury that is not the natural consequence of the negligence complained of, and would not have resulted from it but for the interposition of some new and independent cause. Railway Co. v. Elliott, 5 C. C. A. 347, 350, 352, 55 Fed. 949; Railway Co. v. Callaghan, 6 C. C. A. 205, 208, 56 Fed. 988; Railway Co. v. Moseley, 6 C. C. A. 641, 57 Fed. 921; Insurance Co. v. Melick, 12 C. C. A. 544, 550, 65 Fed. 178; Railway Co. v. Kellogg, 94 U. S. 469; Hoag v. Railroad Co., 85 Pa. St. 293, 298, 299.

The court below fell into another error in its ruling that there was no evidence of contributory negligence by the deceased in the record of this case. One who is injured in a dangerous place, in which he has voluntarily placed himself, with knowledge that he will inevitably be injured there unless he speedily removes himself from his

dangerous situation, necessarily contributes to an injury which results before he removes himself. If he had not placed himself in the dangerous situation, he would not have been injured. When he has put himself in that situation, with knowledge of the danger, he has committed an act of negligence that he knows will inevitably cause him injury unless a new and independent cause interposes to prevent it. If the new cause does not interpose, his original act of negligence works out its natural and probable effect, and produces the anticipated injury. That is the unfortunate situation in which the deceased and his fellow workmen placed themselves on the day of this accident. They knew that the place upon the railroad bed of this spur track, about 16 feet square, closed in by two box cars on two sides, and by two platforms 4 feet high on the other side, was a dangerous place. If this had been a public crossing, and they had not known that cars were about to move across it, they would have been required to take notice that it was dangerous. The supreme court declares:

"The track itself, as it seems necessary to iterate and reiterate, is itself a warning. It is a place of danger. It can never be assumed that cars are not approaching on a track, or that there is no danger therefrom." Elliott v. Railway Co., 150 U. S. 245, 248, 14 Sup. Ct. 85.

But this was not a public crossing, and, in addition to the warning of the presence of the track, they knew that there was an engine on this track, and that cars were about to be moved by it over the very part of the track where they went to work. Indeed, it was because they knew this that they went upon the track at all. They went there to remove the tramway out of the way of the cars they expected would be moved along this track, across which it then extended. From their pen upon this track they could not see approaching trains upon the railroad tracks, nor could the men upon the trains see them; yet they did not notify the employés of the railroad company that they intended to go upon, or were concealed upon, this track, nor did they station any sentinel without their inclosure, where he could see approaching trains, to watch for and warn them of their coming. Their knowledge of their own situation and of their imminent danger imposed upon them the duty of exercising a higher degree of care to protect themselves than was required of the servants of the railroad company, who had no notice that they were upon the track. But the facts to which we have adverted would, in our opinion, have fairly sustained the inference that they were guilty of acts of negligence that inevitably contributed to their injury.

There are many other errors assigned, but the questions they present may not arise upon a second trial, and it is unnecessary to discuss them at length. We content ourselves with a few suggestions that may be of assistance to court and counsel upon the next trial. While, as we have said in Railway Co. v. Curb, 13 C. C. A. 587, 66 Fed. 519, considerable latitude may be allowed to counsel in their criticism of the testimony of witnesses and of the evidence in their arguments to the jury, they ought not to indulge in extended discussion of questions not presented by the evidence, for the obvious purpose of exciting passion and prejudice, or in gross misstatements of

the evidence, or in clearly erroneous declarations of the law, when it has been announced by the court, which tend to deceive and mislead the jury and to prevent a fair and impartial trial of the case. Railway Co. v. Farr, 6 C. C. A. 211, 12 U. S. App. 520, 56 Fed. 994; Railway Co. v. Myers, 11 C. C. A. 439, 63 Fed. 793. The general rule for the measure of damages in cases of the class to which this belongs was stated by this court in Railway Co. v. Needham, 3 C. C. A. 129, 52 Fed. 371, 378. The judgment below must be reversed, and the cause remanded, with directions to grant a new trial, and it is so ordered.