### NEW YORK, N. H. & H. R. CO. v. KELLY.

(Circuit Court of Appeals, Second Circuit. April 4, 1899.)

No. 106.

RAILROADS—INJURY TO TRESPASSER ON TRACK—CARE REQUIRED.

    A railroad company cannot be held responsible for running over a trespasser asleep upon its track, in the absence of wanton negligence on the part of its employés in charge of the train; and a recovery is not warranted by evidence showing that plaintiff's intestate, while drunk, lay down upon the track of defendant's road and went to sleep, and was run over and killed by a train, when the engineer and fireman were keeping a proper lookout, and saw the object, but at first believed it to be merely a coat, and, as soon as they were near enough to distinguish that it was a person, used every effort to stop the train.

In Error to the Circuit Court of the United States for the Southern District of New York.

H. W. Taft, for plaintiff in error.

M. P. O'Connor, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury.

The action, was brought to recover damages for the death of William Fealy, the plaintiff's intestate, upon the theory that his death was caused by the negligence of the defendant. He was killed by the train of the defendant while he was lying upon its track. The evidence indicated that while intoxicated he had left the highway, and gone some distance along the track, and laid down between the rails, and fallen asleep, lying parallel with the rails; that, as the train of the defendant approached the place, it was running at a speed of about 25 miles an hour; that, after it had rounded a curve a quarter of a mile away, the engineer saw an object on the track, which he supposed to be a man's coat; that he and the fireman of the engine watched the object, in doubt as to what it was; that when about 150 feet away the fireman exclaimed "My God! It's a man!" and the engineer then applied the air brakes, and stopped the train as soon as it could be stopped, but not before it had struck the deceased.

The instructions of the court to the jury submitted the case to them upon the theory that if the engineer or fireman supposed, or ought to have known, that the object seen by them on the track was a man, and did not then blow the whistle or slow up the train so as to have it under control, the jury might find the defendant guilty of negligence. He refused to instruct the jury, as requested by the defendant, that the defendant was not responsible for an error of judgment on the part of the engineer or fireman as to what the object on the track was, if they exercised reasonable care in looking to see what it was; and he also refused to instruct them that, if the engineer believed that the object was a coat or a bundle, he was not negligent in acting upon that supposition until he discovered it to be incorrect. The assignments of error challenge the correctness of these rulings.

We are of the opinion that the case was presented to the jury by the trial judge under a wrong theory of the liability of the defendant. A railroad company ought not to be held responsible for running over a trespasser, who, sober or drunk, has located himself between its tracks and gone to sleep, in the absence of wanton negligence in the management of the train on the part of the employés in charge. The engineer owes it to the passengers on the train, and to persons lawfully upon the track, to keep a lookout, in order to prevent injury to them; but he owes no such duty to a trespasser. If, seeing him, and realizing that he will not probably remove himself from in front of the train in time to escape injury, the engineer then does what he reasonably can to avoid injuring him, he has done his full duty.

In Valley Co. v. Howe, 3 C. C. A. 121, 52 Fed. 362, it was held that an engineer backing his train at night in search of cars which had broken from it owed no duty to keep a lookout with respect to a brakeman asleep upon the track, and that the company was only chargeable with negligence in case of want of care by the engineer after discovering the brakeman. In Button v. Railroad Co., 18 N. Y. 248–259, where the plaintiff's intestate was killed while lying upon the track of the defendant, the court, by Harris, J., said that the jury should have

been instructed that the question for·them to decide was whether, by the exercise of reasonable care and prudence after the deceased was discovered, the driver might have saved his life.    In O'Keefe v. Railroad Co., 32 Iowa, 467, where an intoxicated man lying down on the defendant's track was run over by an engine which had no headlight, the court charged the jury that he could not, under these circumstances, recover, "unless they found that the defendant or its agents had knowledge that he was thus lying in time to prevent the accident, or could have known with the exercise of ordinary caution."    The latter part of the instruction was held to be erroneous, and the judgment was reversed on that ground.    In Railroad Co. v. Tartt, 12 C. C. A. 618, 64 Fed. 823, the court held that there could be no recovery for the death of a person killed by a train while walking along the track for his own convenience merely, unless it was caused by the employés of the defendant willfully, or by negligence so gross as to imply willfulness.    In the case of Blanchard v. Railroad Co., 126 Ill. 416, 18 N. E. 799. it was held that where a person was killed by a train while wrongfully on the railway track, walking there for mere convenience or pleasure, not at a public crossing, the company was not liable "unless his death was caused willfully and wantonly, or by such gross negligence as is evidence of willfulness."    In Johnson v. Railroad Co., 125 Mass. 75, it was held that a person injured while trespassing on a railroad track, by coming in collision with a train, was guilty. of negligence, which, as matter of law, precluded his maintaining an action therefor unless the injury was willfully inflicted.    In Railroad Co. v. Bennett, 16 C. C. A. 300, 69 Fed. 525, the court held that the only duty which a railroad company owes to those who, without its knowledge or consent, enter upon its tracks, not at a crossing or other like public place, is not wantonly or unnecessarily to inflict an injury upon them after its employés have discovered them.    Other cases affirming the general proposition are Denman v. Railroad Co., 26 Minn. 356, 4 N. W. 605, and Yarnall v. Railroad Co., 75 Mo. 575.

Upon the evidence in the case, if the trial judge had seen fit to direct a verdict for the defendant, we should not have been disposed to disturb the ruling.

The judgment is reversed.