# CHARLESTON.

VICTORIA THORE, ADMRX. *v.* NORFOLK & WESTERN
RAILWAY CO.

(No. 5550)

Submitted March 9, 1926.   Decided October 26, 1926.

RAILROADS—*Discovery of Object on Track, Not Discernible as Human Being Does Not Impose Duty to Stop Train Unless Circumstances Would Lead Reasonably Prudent Man to Believe Object Was Probably Human Body (Federal Employers' Liability Act [U. S. Comp. St. §§ 8657-8665]).*

The mere discovery by those in charge of a train of an object on the track not discernible to be a human being does not impose upon the railroad company the duty to stop the train, unless the circumstances are such as would lead a reasonably prudent man to believe that the object was probably a human body.

(Railroads, 33 Cyc. p. 799.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Mingo County.

Action by Victoria Thore, administratrix of the estate of John Thore, deceased, against the Norfolk & Western Railway

Company.   Judgment for defendant on its demurrer to the evidence, and plaintiff brings error.

*Affirmed.*

*B. Randolph Bias* .and *Ira J. Partlow,* for plaintiff in error. *Holt, Duncan & Holt,* for defendant in error.

LITZ, PRESIDENT:

This is an action of trespass on the case brought under the Federal Employers' Liability Act by Victoria Thore, as administratrix of the estate of her husband, John Thore, against the Norfolk & Western Railway Company to recover damages for the alleged wrongful death of the decedent.   She obtained this writ to the judgment of the circuit court in favor of the defendant upon its demurrer to the evidence, the damages found in the conditional verdict being for $12,500.

While lying on the railroad track of defendant near Devon Station, Mingo County, John Thore was killed at eleven-thirty o'clock in the night by a freight train proceeding eastward at the rate of twenty-five miles per hour.   It is contended by the plaintiff that Thore was returning home from work as an employee of defendant along a portion of the railroad track, frequently used by pedestrians in lieu of the county road, when stricken prostrate, and that it became thereby the duty of the defendant in the operation of its trains to exercise a reasonable lookout for his safety.

As we view the case it is unnecessary to determine whether he was an invitee, a licensee, or a trespasser.   It is not shown that the trainmen could have stopped the train after discovering the form of Thore to be a human body, pursuant to the exercise of a proper lookout, or after they should have been led to believe as reasonably prudent men under the circumstances that the object was probably a human being.   According to the evidence of the engineer, the only eye-witness, the object which proved to be the body of Thore was not discerned to be a human form until the train was within a car length of it.   The engineer says that as his train approached Devon Station he saw a dark object on the track 300 feet ahead,

which at first he "thought might be a blanket or something like that", but later "thought it might be a hog", and that he did not observe any movement of the object until the train was within a car length thereof, when for the first time he recognized that it was a human being. Two witnesses testified for the plaintiff to establish the distance an object the size of a man's body could have been seen by the engineer, assuming that there was not any fog or rain to obscure vision, and within what distance the train could have been stopped by the application of the emergency brakes at the rate of speed it was traveling. The first witness, formerly a locomotive engineer, says he "would think" such an object could have been seen 400 or 500 feet and that the train could have been stopped within 300 feet. The second witness, at one time a locomotive fireman, "imagines" that the object could have been seen 400 or 500 feet, and fixes the distance within which the train could have been stopped at "300 feet or less". Neither, however, undertakes to state within what distance such an object could have been recognized as a human being or would appear to be of similar shape and size.

The mere discovery by those in charge of a train of an object on the track not discernible to be a human being does not impose upon the railroad company the duty to stop the train, unless the circumstances are such as would lead a reasonably prudent man to believe that the object was probably a human body. *L. H. & St.L. Ry. Co.* v. *Hathaway's Admrs.*, 121 Ky. 666, 89 S. W. 724; *N. Y., N. H. & H. R. Co.* v. *Kelly*, 35 C. C. A. 571, 93 Fed. 745; *Missouri P. R. Co.* v. *Prewitt*, 59 Kans. 734, 54 Pac. 1067; *L. N. O. & T. R. Co.* v. *Williams*, 69 Miss. 631, 12 Sou. 957; *Tucker* v. *N. & W. Ry. Co.*, 92 Va. 549, 24 S. E. 229; *N. & W. Ry. Co.* v. *Dunnaway*, 93 Va. 29, 24 S. E. 698; *N. & W. Ry. Co.* v. *Henderson*, 132 Va. 297; *Goodman* v. *L. & N. Ry Co. (Craddock* v. *L. & N. Ry. Co.)*, 116 Ky. 900, 63 L. R. A. 657, 77 S. W. 174; *Murch* v. *Western N. Y. & P. R. Co.*, 78 Hun. 601, 29 N. Y. S. 490; *Manley* v. *W. & W. R. R. Co.*, 74 N. C. 655; *S. A. & A. P. Ry. Co.* v. *McMillan*, 100 Tex. 562, 102 S. W. 103; *Burg* v. *C. R. I. & P. Ry. Co.*, 90 Iowa 106, 57 N. W. 680.

It is claimed that the engineer, in failing to stop the train upon discovery of the object which he thought "might be a blanket or something like that", violated a rule of the defendant governing the operation of its trains; and that such act of the engineer constituted negligence on the part of the defendant. The proposition is predicated upon the testimony of a traveling salesman, who had three or four years previous to the accident ended a term of service as a fireman of the defendant, that it was the duty of the engineer under the rules and customs of the company, during his tenure of service, on observing an object the size of a man's body to stop the train. Granting, but not deciding, that a violation of the alleged rule, if such existed at the time of the accident, constituted negligence on the part of the engineer, the evidence, as already observed, does not show within what distance the object would appear to be the size of a man's body.

The cases, following what is said to be the majority rule, hold without qualification that there is no duty on the part of a railroad company to stop or slow down its trains on discovery of an object along the tracks not discernible as a human body.

The fact that the track had been used by pedestrians to the knowledge of the defendant is not alone sufficient to charge it with notice that an object seen on the track at eleven-thirty o'clock in the night is probably a human being.

The judgment of the circuit court is

*Affirmed.*