THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY
v. J. C. STEVENS et al.

### No. 66.

1. CASE MADE—*Extension of Time for Service.* Where a motion for a new trial is overruled on May 21, and 60 days' time is given to make and serve a case for the supreme court, and on July 18 the time is again extended for 90 days, and on the 12th of October the court makes the following order: "It is hereby ordered that the time heretofore allowed for making and serving a case be and the same is hereby extended 30 days from and after the 18th day of October," and the case is made and served on the 12th day of

St. L. & S. F. Rly. Co. v. Stevens.

November, *held*, that the court had jurisdiction of the matter, and the case was served within the time allowed by the court.

2. FIRE FROM RAILROAD — *Petition . and Evidence Sufficient.* Where it is alleged that a certain building and contents were destroyed by fire communicated to it by a railway company in the operation of its road, and the allegations of the petition are denied, and defendant alleges contributory negligence as an affirmative defense, and, on the trial of the case, the evidence shows the location of the building, its proximity to the railway-track, the condition of the weather, course of the wind, that it" was blowing hard from the southwest, that the railway employees were engaged in switching upon the side-track within a few feet from the building, the making of flying switches with a number of loaded cars, the manner in which it was done, the discovery of fire almost immediately after the passage of the engine; that there was no fire in or about the building, and had not been for a week previous to the time the fire occurred, the petition presents such facts that it was proper for the jury to find whether the fire that consumed the property was communicated to it by the engine of the defendant below, and the testimony was such that the jury were justified in finding that the fire was communicated to the building by the engine of such road.

3. SPECIAL INSTRUCTIONS—*Contained in General Charge.* Where special instructions are prepared in writing and presented to the court, the court is not bound to give them in the exact form or language in which the instructions are prepared; if the court gives substantially the same instructions in the general charge to the jury it is not error to refuse to give the instructions as requested.

4. ——— *Properly Refused.* It is not error for the court to refuse to give instructions where there is no evidence to justify the giving of the same.

5. FIRE FROM RAILROAD — *Right of Adjacent Owner.* A person owning property along the right of way of a railway has a right to occupy such property and erect such buildings as he may have occasion to place thereon, so that he does not occupy it with such buildings as are known to be unsafe and dangerously exposed. He is the owner of the land, and has a right to its occupancy, and has a right to occupy it and use it for all legitimate uses. He is only required to use such care and diligence in the erection of buildings and protection of his property against damage by fire as an ordinarily prudent person would under all the surrounding circumstances. He is no more ·bound to guard his property against fire than the railway company is to guard against permit-

12—KAN. APP.

St. L. & S. F. Rly. Co. v. Stevens.

ting the escape of fire from its engines.    Each is held to ordinary care and prudence in the' use of his or its property.

6:  ——— *Improper Instruction — Rule of Contributory Negligence.*    It is error for the court to instruct the jury that a plaintiff may recover damages for. negligence in the destruction of property by fire, even if his negligence is but slight or the remote cause of the injury.    Such instructions are seldom proper under the evidence ·on the trial of a case, and should not be given, as they are generally erroneous, and are but the statement of the rule of comparative negligence.    The correct rule is, that one who by his negligence has brought an injury upon himself cannot recover damages for it, and the plaintiff in such case is entitled to no relief; but where the defendant has been guilty of negligence also in the same connection, the result depends upon facts.    The question in such case is whether the damage was occasioned entirely by the negligence or improper' conduct of the defendant, or whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary care and caution that, but for such negligence or want of care and caution on his part, the misfortune would not have happened.

MEMORANDUM.—Error from Wilson district court; L. STILLWELL, judge.    Action by J. C. Stevens and Eveline Stevens against The St. Louis & San Francisco Railway Company to recover damages for loss by fire. Judgment for plaintiffs.    Defendant brings the case to this court. ' Affirmed.    The opinion herein, filed January 11, 1896, states the material facts.

*A. A. Hurd,* and *J. L. Denison,* for plaintiff in error.

*J. W. Sutherland,* and *P. C. Young,* for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J.:    On the 30th day of October, 1890, J. C. Stevens and Eveline Stevens commenced an action in the district court of Wilson county against The St. Louis & San Francisco Railway Company to recover damages which they sustained by reason of the destruction of a certain building used as a pottery

at Neodesha, together with the machinery and material in and about the pottery building and the manufactured articles in said building. It is alleged in the amended petition of the plaintiffs below that such building, machinery and contents were destroyed by fire communicated thereto by the railway company by reason of negligence of said railway company and its employees in the management of its engines while operating said railway. The amended petition of plaintiffs below sets out certain specific acts of negligence on the part of the railway company, as follows:

"(1) In operating the same with torn, loose and defective and improperly located netting. (2) In having large quantities of wood and wood embers in a coal-burner engine, and burning wood in the same. (3) Making too sudden and heavy draught upon said engine by pulling too many cars at once, for the purpose of acquiring a rapid motion in a short space of time. (4) In making too sudden and heavy draught upon said engine while the furnace contained large quantities of wood and wood embers. (5) Making a flying switch especially with a large number of cars, and especially while the engine's furnace contained large quantities of wood and wood embers. (6) In using the blower close to plaintiffs' building."

The defendant, in answer to the amended petition, made a general denial of all the allegations, and alleged contributory negligence on the part of the plaintiffs. The plaintiffs replied to the answer of defendant, and denied that they were guilty of negligence contributory to such injury. Upon these issues the case was tried before the court and jury. The jury returned a verdict for the plaintiffs below, and made special findings of fact. The defendant filed a motion for judgment against the plaintiffs for costs on the special findings of fact, notwithstanding the general verdict of the jury, which motion was overruled. It also

filed a motion for a new trial, which was overruled. Judgment was rendered upon the verdict for the plaintiffs, and defendant made a case and brings the matter to this court for review.

Defendants in error insist that the petition in error be dismissed, for the reason that the case was not made and settled within the time allowed by the court, and that at the time of the settlement and signing of the case the judge of the district court had lost jurisdiction. The record shows that on the 21st day of May, 1891, the motion for a new trial was overruled and defendant excepted, and the court, for good cause, extended the time to make and serve a case 60 days; on the 18th day of July the judge of said court, for good cause shown, further extended the time in which to make and serve a case 90 days from the date of making such order; and on the 12th day of October the court again made a further order, and entered it upon its records, as follows: "It is hereby ordered that the time allowed for making and serving a case be and the same is hereby extended 30 days from and after the 18th day of October, 1891." The case was made and served on the attorneys for the plaintiffs below on the 12th day of November, 1891, and settled and signed on the 10th day of December, upon proper notice to the attorneys for plaintiffs below, and the record states:

"On this 10th day of December, 1891, upon presentation of this case for signing and settlement, plaintiffs appeared by attorneys and objected to the signing and settlement of the same, for the reason that the judge had lost all jurisdiction of the same. Objection overruled. Plaintiffs took exceptions to the ruling."

The particular reason assigned why the judge had lost jurisdiction is that the order of the judge extending the time to make and serve a case, made on the

18th day of July, would expire on October 16, and that, by the order made by the court on the 12th day of October extending the time 30 days from and after the 18th day of October, the 30 days would begin to run after the time formerly given had expired, and consequently during the interval the court lost jurisdiction. We do not think this position tenable. The order of October 12 was during the time that the court had jurisdiction, and was within the time the judge had extended the time to make and serve a case; and while the court or judge had jurisdiction the time to make and serve a case for the reviewing court could be extended for good cause shown, and any order made for the extension of time to make and serve a case, while the judge or a court still retained jurisdiction, would be valid. The court or judge could specify the day upon which the case should be served, or could order that the time be extended for so many days from the day upon which the order was made or from some other period in the future. The case was made, served and settled in all respects as required by the order of the court, and it is properly before this court for review.

The first question presented by plaintiff in error is whether it was negligent on the part of the company to use an engine in its switch yards in which there may have been remnants of a wood fire. It also claims that there is no direct evidence that the fire which destroyed the property of the plaintiffs below was communicated by the engine used on the road of defendant below. It says in its brief:

"The plaintiffs below seek to recover in this action upon a mere theory; that is: The engine upon the defendant's road was engaged in switching cars and shortly after passing the building of plaintiffs fire was discovered' in the building. It has frequently been

held that a theory cannot be said to be established by circumstantial evidence.''

We think the plaintiffs sought to recover upon facts. The plaintiffs allege that their property was destroyed by fire communicated to it by an engine of the railway company in the operation of its road, and allege negligence on the part of the railway company which resulted in the destruction of their property. To support these allegations they introduced evidence to prove the location of the property destroyed; the close proximity of the track of the railway company to their property; the condition of the weather; the course of the wind — that it was blowing hard from the southwest; that the defendant below was engaged in switching cars upon the side-track within a few feet of this property; the making of a flying switch with a number of loaded cars — the manner in which it was done; that the engine was a coal burner, and that it was burning wood for fuel at the time the fire occurred; that the burning of wood in a coal burner is dangerous; that barrel staves saturated with oil had been used to get up steam quickly; that the engine was run out of the roundhouse hurriedly after being fired up, before the wood embers had time to burn out; the great number of sparks that were emitted from the engine while being thus used in switching; that it threw out sparks and oil over and upon a small child several feet away from the track and burned it so that it cried; that the sparks were thrown over other children so thickly that they had to turn their backs to the engine; that large quantities of sparks and live coals were thrown against the window-glass of buildings at some distance with such force that it made the glass rattle; that the engine made an unusually loud noise; that there was no fire

in or about the building, and had not been for more than a week prior to this time; that within from 5 to 10 minutes after the engine passed the building it was discovered to be on fire on the side of the roof next to the railroad track, on the outside; that it was just beginning to send forth a small volume of smoke when first discovered; that the fire was all on the outside of the roof when discovered.

.We think that these facts were such that it was proper for a jury to find whether the fire that consumed this property was communicated to it by the engine on the track of the defendant below, and the testimony was such that the jury were justified in finding that the fire was communicated to the building by the engine on the railroad.

The second error complained of is that the court refused to instruct the jury as requested by the defendant below on the question of contributory negligence. The instructions requested by the defendant below are as follows:

"1. In order to entitle the plaintiffs to recover in this action, you must be satisfied by a preponderance of the evidence of the following propositions: (1) That the fire which destroyed the plaintiffs' property was caused by fire thrown from the engine of defendant; (2) that the same was caused by the negligence of the defendant's servants in running and operating the engine of defendant, or on account of some defect in the construction or condition of the engine at the time of the fire; (3) that the plaintiffs did not, by their own negligence or carelessness, contribute to the loss or destruction of their property.

"2. It is a circumstance the jury may consider as going to prove contributory negligence, that the plaintiffs erected or purchased buildings which had been erected near the railroad track of defendant at a point where said track was used in switching cars and trains, without guarding it in any way from fire.

Persons who have property near railroads, and especially where the company at that point uses its tracks for the purpose of switching its cars and trains, are bound to take notice of the increased danger to their property from fire, and to exercise a proportionate amount of care to protect it; therefore, if you find from the evidence that at the time the plaintiffs' property was destroyed by fire, to wit, on the 23d day of March, 1890, its said engine, No. 214, was in good repair, provided with all the most-approved appliances then in use for the prevention of injuries by fire, in charge of competent and skilful men as engineer and fireman, and was managed in a proper and skilful manner, then the plaintiffs cannot recover, notwithstanding you may find the fire was caused by sparks of fire from said engine."

"4. The court further instructs you, that in case you should find from the evidence that plaintiffs' property was burned, as in their petition alleged, and the evidence as to the origin of the fire is purely circumstantial, and it is further shown by the evidence that said property was situated equally near, and in the same direction from a railroad other than that of defendant, upon which trains drawn by locomotive engines were being run at or about the time the fire originated, and there should be doubt in your minds as to which engine communicated the fire, then and in that event the plaintiffs cannot recover in this action."

The court gave in its general charge all of the matters set out in paragraph 1 of the instructions presented by the defendant. The second paragraph of instructions requested was properly refused, for the reason that there was no evidence to justify the same. The evidence did not show when plaintiffs' house was built—whether it was built before or after the railway. A person owning property along the right of way of a railway has a right to occupy such property and erect such buildings as he may have occasion to

place thereon, so that he does not occupy it with such as are known to be unsafe or dangerously exposed. He is the owner of the land and has a right to its occupancy and to use it for all legitimate uses. The rule is so to use your own property as to do no damage to that of others. He is only required to use such care and diligence in the erection of buildings and the protection of his property against damage by fire as an ordinarily prudent person would under all of the surrounding circumstances. He is no more bound to guard his property against fire than the railway company is bound to guard against permitting the escape of fire from its engine. Each is held to ordinary care and prudence in the use of his property, and if either suffers injury through the negligence of the other he is entitled to damages for such injuries. If the engine used was in good repair, provided with all the most-approved mechanical appliances then in use for the prevention of the escape of fire, and in charge of competent and skilful employees as engineer and fireman, who used proper care and caution in the operation of the engine, and fire escaped and destroyed the property of the plaintiffs below, it is a mere accident or misfortune for which the railway company would not be liable in damages. There was no error in refusing to give the instructions as requested. All that part of the instructions that was proper was given by the court in its general charge to the jury. There was no evidence to authorize the giving of the fourth paragraph of the instructions requested, as the evidence showed clearly that the train on the other railroad had passed over its track some three-quarters of an hour before the fire that destroyed plaintiffs' property originated.

It is claimed that the court erred in the general in-

structions to the jury; that instructiion No. 3 by the court was, in the light of the pleadings and evidence, prejudicial to the defendant below, as it wholly ignored the question of contributory negligence raised by the pleadings. In instruction No. 3, the court charged the jury as follows:

"3. Under this statute, it is simply necessary for the plaintiffs to prove in the first instance that the fire which consumed their property was communicated by the engine attached to defendant's cars, while being used in the operation of the railroad, and the amount of their, plaintiffs', damages by reason of said fire. When they have done this (and whether they have is for you to say from the evidence), then they have established what in law is called a *prima facie* case — that is, a case that will entitle them to recover, in the absence of evidence to the contrary. The plaintiffs are not required, in the first instance, to prove that the alleged fire occurred by reason of the negligence of the defendant; it is sufficient to prove on that head that said defendant caused the fire in the operating of its railroad, and the burden of showing that the said fire did not occur by reason of the negligence of said defendant is shifted to the defendant company. But, after the defendant company has introduced testimony on its behalf tending to rebut this presumption of negligence that arises by reason of the alleged communicating of the fire, it then becomes and is a question of fact for you to say, from all the evidence, facts and circumstances in the case, whether the fire complained of resulted from the negligence of the defendant, or whether it was simply an accident, incident to the operation of the railroad, and for which the defendant, if that is the case, would not be responsible."

This instruction is not subject to the criticism sought to be placed upon it by counsel for plaintiff in error. This follows an instruction in which the court had called the attention of the jury to paragraph 1321

of the General Statutes of 1889, in relation to the liability of railway companies for damages by reason of setting out fire in the operation of the road, and changing the burden of proof on the question of negligence from the party suffering the injury to the railway company.  This instruction was in explanation of this statute and the burden of proof in the first instance, and contained the correct directions to the jury under the statute.

In instruction No. 9' the court stated to the jury the correct rule in relation to contributory negligence, as follows:

"9. In the event that you are not satisfied by a preponderance of the evidence that the injury complained of occurred in consequence of the failure of the defendant company or its employees to exercise ordinary care and prudence in the matters complained of as being the cause of the fire, then your verdict should be for the defendant.  In case, however, you are so satisfied from the evidence 'that the fire was communicated by the engine of the defendant company, and that it occurred by reason of the failure of the defendant company or its employees to exercise ordinary care and prudence in the matters complained of, then the plaintiff will be entitled to recover in this action, unless you should find from the evidence that the plaintiffs themselves were guilty of ordinary negligence which contributed directly to the injury complained of, in which event the plaintiffs would not be entitled to recover."

The instructions of the court are clear and concise, and contain the law applicable to the facts as developed on the trial of this case.  The court stated to the jury the issues involved, and what the law was if they found certain facts from the evidence.  The instructions contain correctly the duties of parties owning

property along the line of the railway exposed to damage by fire and the duty of the railway company in the operation of its road with its engines and other machinery. But after giving the jury the correct instructions the court gave them the following as instruction No. 10 :

"10. It is the duty of persons who live along the line of railroad and close to the point where the switch yards of the railroad are, and where the company has frequent occasion to use its engines, to take notice of the increased danger to their property from fire, and to exercise a proportionate amount of care to protect it. That is the statement of a general rule of law. The court cannot say as a matter of law whether or not the plaintiffs, in anything. they did or failed to do, were guilty of negligence which contributed to the injury complained of, but that is a question of fact for you to determine from all the evidence, facts and circumstances in the case. It is also a rule of law in this regard that where the plaintiff's negligence is only slight, or the remote cause of the injury, he may still recover, if otherwise entitled to a verdict, notwithstanding such slight negligence or remote cause."

This instruction is faulty so far as it says to the jury :

"It is also a rule of law in this regard that where the plaintiff's negligence is only. slight, or the remote cause of the injury, he may still recover, if otherwise entitled to a verdict, notwithstanding such slight negligence or remote cause."

This clause lays down the doctrine of comparative negligence and is contrary to the established rule of contributory negligence of all the states in this country, except Illinois and Georgia. The court, however, in this instruction followed the language used by the supreme court of this state in some of the earlier cases

which are referred to by Justice VALENTINE in the case of *K. P. Rly. Co. v. Peavey*, 29 Kan. 180, in which he says:

"While it is settled in this state that a party may recover for injuries done to him or his property, caused by the negligence of others, even if his negligence is slight, nevertheless this court has not adopted what is generally called the rule of comparative negligence."

From these expressions of the supreme court in its earlier decisions, judges of the district courts throughout the state, in most cases of negligence charged against railway companies, have adopted the practice of instructing the jury that a plaintiff may recover for the negligence, if his negligence is but slight or the remote cause of the injury. Such instructions are seldom proper under the evidence in the trial of a case, and we think should not be given, as they are generally erroneous and are but the statement of the rule of comparative negligence. The correct rule is laid down in the case of *Jones v. Railroad Co.*, 95 U. S. 442, in which it is held:

"One who by his negligence has brought an injury upon himself cannot recover damages for it. Such is the rule of the civil and of the common law. A plaintiff in such case is entitled to no relief. But where the defendant has been guilty of negligence also in the same connection, the result depends upon the facts. The question in such case is: 1. Whether the damage was occasioned entirely by the negligence or improper conduct of the defendant; or, 2. Whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary care and caution that, but for such negligence or want of care and caution on his part, the misfortune would not have happened. In the former case the plaintiff is entitled to recover; in the latter he is not."

Beach, in his work on Contributory Negligence, section 76, says:

"The doctrine of comparative negligence being so entirely at variance with the accepted rules of law concerning contributory negligence has very naturally provoked much sharp criticism, and the courts of other states very occasionally repudiate it with emphasis."

In the case of *O'Keefe v. C. R. I. & P. Rly. Co.* 32 Iowa, 467, Cole, J., delivering the opinion of the court, says:

"The well-established law of this state is, that in an action to recover damages for the negligent act of the defendant, the plaintiff will not be entitled to recover if his own negligence contributed directly to the injury. In other words, this court recognizes and applies the doctrine of 'contributory negligence' and not the doctrine of 'comparative negligence.' The latter doctrine obtains only in Illinois and Georgia, while the former obtains in the other states."

The supreme court of this state has repeatedly repudiated the doctrine of comparative negligence. (*K. P. Rly. Co. v. Peavey*, 29 Kan. 180; *A. T. & S. F. Rld. Co. v. Plunkett*, 25 id. 186; *Howard v. K. C. Ft. S. & G. Rld. Co.*, 41 id. 408; *A. T. & S. F. Rld. Co. v. Morgan*, 31 id. 77.)

While this instruction was erroneous and ought not to have been given, yet we do not think it prejudicial to the defendant below, as the court in other parts of the instructions had given the jury the correct rule in relation to contributory negligence, and had instructed them that if they should find from the evidence that the plaintiffs themselves were guilty of ordinary negligence which contributed directly to the injury complained of they would not be entitled to recover, as there was no evidence on the trial of the case that tended to prove negligence on the part of the plain-

tiffs below.   Their building was 80 feet from the track
of the railway and had been there for a number of
years, and was not shown to be in a dangerous condi-
tion as to fire.   It was a wooden building, constructed
of pine lumber, with a pine shingle roof.   The fire
was communicated to the roof, and there was nothing
in the evidence to show that the roof was unsafe so
far as fire was concerned.   The only pretense of neg-
ligence on the part of the plaintiffs was that the build-
ing was an old one and unpainted.   The mere fact
that the building was old or unpainted would not be
evidence of negligence, as men do not usually paint
the roofs of their buildings.   It is a fact known to
every one that the railway companies themselves
usually build their station-houses and other buildings
used in connection with their operation of the road
within a few feet of the track and of pine lumber
with pine shingle roofs and roofs unpainted, and that
they are seldom burned by engines emitting sparks.

The jury found that the building was 80 feet from
the railway-track, that it was composed of wood, con-
structed about 10 years ago, and that no part of the
building was painted; that plaintiff had not taken
any measures to protect the building against fire from
passing trains.   These were all the findings made by
the jury under the evidence in regard to the condition
of the house or its liability to be injured from fire
communicated from engines on the railway.   The
jury also found that the engineer and fireman were
competent and skilful, and that the engine was in
good repair and provided with all the most-approved
mechanical appliances then in use for the prevention
of injuries by the escape of fire and sparks therefrom
in the use of coal, but not for wood; that the engine
was deficient as a wood burner; that the engine was

not properly managed by reason of not having proper fuel; that the defendant was negligent by burning wood instead of coal, and starting out too soon after the engine was fired up. ·

The whole question of negligence on the part of the railway company and of the plaintiffs was properly submitted to the jury for their determination, and their verdict, being supported by sufficient evidence, is decisive of all issues in this case. We think this case was fairly tried and that the jury were properly instructed on the law.

The judgment of the district court is affirmed.

All the Judges concurring.