THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. IRA STEINBERGER.

No. 249.

1. MEASURE OF DAMAGES—*value of trees in an orchard proper, regardless of realty. Railway Company v. Lycan* (57 Kan. 635) is followed as to construction of the petition and as to the admission of testimony concerning the value of trees in an apple orchard, in an action for damages by fire alleged to have been caused by the negligence of a railroad company.

2. ——— *failure to instruct as to, no instructions asked, not error.* Where the court failed to instruct the jury that the true measure of damage was the diminished value of the land on which the trees were growing, and such an instruction was not requested, *held*, that failure so to instruct is not properly assignable as error.

3. ———— *in the absence of finding or instruction, jury presumed to have adopted correct.* Where in such case the testimony shows that the witnesses, in making the estimates of the value of the trees destroyed, regarded them as a part of the realty, this court must infer, in the absence of any finding or instruction upon that point, that the jury considered the trees in their actual relation to the realty.

4. STATUTE—*held constitutional by Supreme Court, not questioned by Appellate Court.* This court will not consider the question of the unconstitutionality of a statute of this State after its constitutionality has been declared by the Supreme Court.

Error from Neosho District Court. Hon. L. Stillwell, Judge. Opinion filed December 22, 1897. *Affirmed.*

*T. N. Sedgwick*, for plaintiff in error.

*C. A. Cox* and *T. F. Rager*, for defendant in error.

MILTON, J. This action was brought by the defendant in error, as plaintiff, against the plaintiff in error, to recover the sum of $3082 as damages, and $300 additional as attorney's fees, on account of the destruction of 706 apple trees in plaintiff's orchard, by a fire alleged to have been negligently set out by the servants and employees of the Railroad Company. The principal allegations of the petition are as follows :

"Plaintiff, on the thirteenth day of September, 1893, was the owner of a large apple orchard and the land upon which the same was maintained and growing, about one-half mile south of the city of Erie, Neosho County, through which said apple orchard and premises the defendant had constructed and built and was maintaining and operating its said line of railroad.

"That said orchard was a valuable orchard and the apple trees thereon were in a thrifty condition and a good state of cultivation ; and said apple trees were of the very best quality and variety, and situated on the northeast quarter of section 5, township 28, range 20 east, Neosho County, Kansas. That on said thir-

teenth day of September, 1893, the said defendant, its
agents and servants, while operating its said railroad
through plaintiff's said orchard and while attempt-
ing to burn off its right of way and the dead grass
thereon, did negligently and carelessly set fire to the
dry grass, weeds and other combustible material
which had grown and collected and been placed along
and upon the said right of way where it passed and
ran through plaintiff's said premises and orchard,
and negligently and carelessly permitted said fire to
escape from the right of way, over and upon said
plaintiff's land and premises upon which said orchard
was growing, where it continued to spread and burn
until it consumed and burned up 594 of plaintiff's
apple trees, which were seven years old, of the value
of five dollars each or of the value of $2970, and also
consumed 112 small apple trees of the value of one
dollar each, or of the value of $112 in all, to the
plaintiff's damage in the sum of $3082.  That by rea-
son of the negligence and carelessness of said defend-
ant as aforesaid, plaintiff has been damaged in the
sum of $3082."

The answer, besides a general denial, averred that the
plaintiff "was guilty of contributory negligence in
permitting dry grass and weeds to accumulate in his or-
chard and adjacent to the right of way of this defend-
ant, knowing full well that accidental fires were liable to
be started notwithstanding the greatest care exercised
by this defendant; and that, by the exercise of ordi-
nary care on the part of this plaintiff in either burning
or plowing a fire guard, or otherwise destroying com-
bustible material in his orchard and adjacent to the
right of way, said damage could thereby have been pre-
vented."

The reply denied generally the allegation of plain-
tiff's contributory negligence.  When the jury had
been impaneled and plaintiff's first witness called to
the stand, counsel for defendant objected to the intro-

duction of any testimony under the allegations of the petition, for the specific reason that the petition alleged that the apple trees were planted and grown for an orchard— for the fruit they would bear, and for no other purpose; that they therefore formed a part of the realty, and the action should be for damages to the realty and not for so much a tree; and that, as the trees had no value separate and apart from the land, plaintiff could not recover in the action. This objection was overruled.

The orchard in question was on a forty-acre tract of land, through which the line of railroad passed north and south, and was on the west side of the track. The rows of trees were two rods apart and extended from the west line of the tract nearly to the right of way, the intervening space being about ten feet. Between the rows was prairie meadow land which had been mown and the hay removed, while on both sides of each row the ground had been cultivated until about two years before the fire occurred, and after that had been sown in blue grass, which was low and had not been mowed. The day was hot and dry, and after about nine o'clock A. M. the wind became exceptionally heavy, blowing furiously from a southerly direction. It was blowing earlier in the morning but was not so swift as it became after that hour. At about eight o'clock in the morning of the day in question, the section foreman with two men began, at a point some distance north of Doctor Steinberger's orchard, to burn the grass and weeds from the right of way on the west side, and, by successive firings, burned it all the way through the orchard tract. They also burned a strip a few feet wide beyond the railroad fence, on the orchard tract, at the point where the grass had not been mowed. About ten o'clock

RAILWAY CO. v. STEINBERGER.          589

Dec. 22, 1897.          Opinion.   Milton, J.          E. Div.

they left and did not return to it that day. When the section men left they thought they had extinguished the fire on the right of way and in the fence posts which had become ignited. They supposed there was no chance for the fire to be communicated to the orchard. They testified that the fire was all out, except that an old tie not far from the track was still burning. There was impeaching testimony tending to show that two of the section men had stated that some chips or trash might have been left smoking on the right of way. Two persons, who were at work in their fields near the orchard, testified that they saw smoke on the right of way between eleven and twelve o'clock in the forenoon, and one of them discovered fire in the orchard at about half past one in the afternoon. Failing to put it out, he hurried to Erie and informed Doctor Steinberger of the fire. This witness and two other men then went to the premises. About one-half of the orchard on the west side was burned over when they reached it. By means of furrows which they plowed, the fire was finally checked after it had burned and destroyed about fifteen acres of the orchard, containing 706 trees. Owing to dryness of the stubble and the tempestuous character of the wind, the fire spread toward the west and also made progress southward. This is testified to by several witnesses, including one for the defendant. There can be no doubt from the record that the fire was communicated from the right of way to the orchard.

Over the objection of the defendant, witnesses were permitted to estimate the damage by stating the value of the trees severally, before the fire.

1. Measure of damages for trees in orchard burned. The jury was not instructed that the trees formed a part of the realty and that damage to them should be considered as damage to

the land.    No such instruction was asked for by the defendant.    One witness, Mr. Kinney, who stated that the 594 trees which were seven years old were worth six dollars each, was asked on cross-examination how many he estimated to the acre.    He answered, "Twenty to twenty-four."    He was then asked the following :

"Then your judgment is that the tract of soil down where the strips are broken out as that is and planted in trees, with that kind of trees, is worth about $120 an acre?"

He answered : "Well, my orchard is about the same size, and I wouldn't take that for it."

Being asked if it was his judgment that the Steinberger orchard was worth $120 an acre, the witness answered that he had not figured how many trees were on an acre.    He was then asked :

"Well, supposing there were that many to the acre, then you would think $120 a fair, reasonable value per acre, and that $4800 would be the fair value for the forty acres?    Is that your judgment of this orchard? A.    Well, something in that neighborhood."

Another witness testified as follows on cross-examination :

"Q.    What makes you say that these trees are worth five dollars each, when you can buy trees nearly as big as these for that price [ten cents each] ?    A.    Because they are standing in the orchard where he wants them to grow."

And another stated that he placed the value on the trees as growing in an orchard.

It is earnestly contended by counsel for plaintiff in error that the correct measure of damage is the difference in the value of the land immediately before and immediately after the trees were destroyed.    Among

other cases cited in support of this contention, is that of *Railway Co. v. Lycan* (57 Kan. 635). Counsel calls attention to the testimony of the witness Kinney concerning the value per acre of the orchard, and says that his testimony shows the estimated damages to the trees to have been equal to, if not greater than, the estimated value of the land and trees per acre. It will be observed that there were actually about forty-seven trees per acre, as the fifteen acres burned over contained 706 trees. It may be the witness would have placed his valuation much higher if he had known or calculated the actual number of trees upon each acre. The testimony of the other witnesses, referred to above, shows that the trees were considered by them as a part of the realty.

We think that it is true, as claimed by counsel for plaintiff in error, that in the case of *Railway Co. v. Lycan,* supra, the attention of the jury was called by the court to the measure of damages as contended for here by counsel. He has copied from the record in that case the instruction of the trial court on this point. Notwithstanding this fact, and the entire omission of such a statement in this case, it does not follow that the judgment herein should be reversed. If the defendant had desired to introduce this measure of damages into the trial, it was at liberty to do so. To some extent the cross-examination of the witness Kinney indicates an intention of this kind. This line of examination might have been followed with other witnesses, and the defendant could have introduced testimony concerning the value of the orchard as realty before and after the fire, as a part of its defense. See *Railway Co. v. Lycan,* supra, where the court said :

"If for any reason the injury to the realty should be in fact less than the value of the thing destroyed,

the plaintiff's recovery would be limited to the actual diminution in the value of the realty.    While this might be shown, either on cross-examination of the plaintiff's witness or as matter of defense, it does not prevent proof by the plaintiff of the value of the thing destroyed as a part of the realty, as was done in this case."

If an instruction as to such measure of damages was desired, a request therefor should have been made.
2. Instructions not asked.   Failure of the trial court to instruct on a given proposition cannot properly be assigned as error where no request for such an instruction was made.  *Douglass v. Geiler*, 32 Kan. 499.

Counsel for defendant asked the trial court to instruct the jury to return a verdict for said defendant, which instruction the court refused to give.    Then the following instruction was asked for by defendant and refused by the court :

"If you find from all the evidence in this case that the trees which plaintiff alleges were destroyed by fire negligently set out by the agents, servants and employees of the defendant, have a value separate, distinct and apart from the land upon which they are planted and growing, you will ascertain such value, and find for the plaintiff in such sum as you find such trees to be worth, separate, distinct and apart from the land or soil upon which they are planted and growing.    But if on the other hand you find from the evidence that the trees have no value separate and apart from the soil or land upon which they are planted and growing, then you will find for the defendant."

We think it was proper to refuse to give either of the instructions.    The instruction quoted was altogether improper.    The petition alleged that the trees were an orchard, planted and growing on land owned by plaintiff.    The court, in the case of *Railway Co.*

RAILWAY CO. v. STEINBERGER. 593

Dec. 22, 1897.     Opinion.  Milton, J.          E. Div.

*v. Lycan,* supra, held, over the objection of the able
counsel for the Railroad Company in that case, who
is counsel for the same Company in this case, that
the petition therein, which is practically the same as
the petition herein, alleged damage to the realty,
doubtless for the simple but sufficient reason that no
one questions that a growing orchard is a part of the
land.     The court there also decides that evidence as

3. Jury presumed to
have adopted cor-
rect measure of
damages.

to the value of each tree injured or de-
stroyed was properly received without
the inquiry embracing the question as
to the diminished value of the real estate.     The jury
in this case were not called upon to find the value of
the trees in any other relation to the land itself than
that which growing trees in an apple orchard bear to
the soil which sustains them.

Complaint is made of the concluding paragraph of
instruction number seven which, after a very full and
correct statement of the law concerning contributory
negligence on the part of the plaintiff, concludes as
follows :

"It is also a rule of the law that, where the plain-
tiff's negligence is only slight or the remote cause of
the injury, he may still recover if otherwise entitled
to a verdict, notwithstanding such slight negligence
or remote cause."

This clause is very similar to an instruction in the
case of *St. L. & S. F. Rly. Co. v. Stevens* ( 3 Kan. App.
190), where the court upheld the verdict notwith-
standing the instruction was declared to be improper.
The court said :

" While this instruction was erroneous and ought
not to have been given, yet we do not think it preju-
dicial to the defendant below, as the court in other
parts of the instructions had given to the jury the cor-
rect rule in regard to contributory negligence."

594    RAILWAY CO. v. STEINBERGER.

S. Dept.            Opinion.   Milton, J.            6 Kan. App.

The paragraph complained of in this case was clearly improper ; but we think the record shows the jury were not misled nor in fact influenced by it, as appears from findings number twenty-one, twenty-six, fifty and fifty-one, as follows :

"21. State what precaution, if any, the plaintiff took to protect this orchard against fires that might be communicated by passing trains or otherwise. A. By mowing and ordinary precautions."

"26. Is it not a fact that plaintiff permitted grass and weeds to grow and accumulate in his orchard up to and adjacent to the right of way, and took no precautions whatever to prevent the spreading of the fire through the same?   A. No."

"50. Would not the burning or plowing of a fire guard on the inside of the orchard by plaintiff have saved or protected his orchard?   A. No.

"51. If you answer the last question 'No,' you may then state why it would not have prevented the fire in the orchard or protected it from any fire which might be communicated to the orchard from the right of way.   A. On account of high wind and whirlwind."

There is also a direct finding that the section men did not use reasonable care and caution in burning off the right of way and in extinguishing the fire.   The jury were warranted in concluding that no attempt should have been made by the section men on the day in question to burn off the right of way adjacent to the orchard.

Complaint is also made of the refusal of the trial court to permit the jury to answer certain special questions propounded by the defendant.   One of these asked if it was not a fact that the orchard was not planted by the plaintiff on his land for the fruit it would produce.   Counsel suggests that trees might have been planted for shade or for some other pur-

RAILWAY CO. v. STEINBERGER.      595

Dec. 22, 1897.      Opinion.   Milton, J.      E. Div.

pose besides fruit.   We think this suggestion answers
the objection to the court's ruling : It was an apple
orchard.   No purpose whatever could have been served
by permitting it to be answered.   Another question
was as to the value of the trees if separated from the
soil in which they were growing.   Counsel says that
the value of the trees separate and apart from the
soil is all that was sued for in this case.   In referring
to the instruction which was refused, we have suffi-
ciently covered this proposition.

Question number sixteen, as to the amount of fruit
the trees produced each year, was not a material ques-
tion.   The testimony clearly shows that the witnesses
regarded the trees as just coming to the bearing age,
and that the value was estimated on that basis.   The
other questions are like the first one we have referred
to.   We see no error in the court's action in respect
to any of these questions.

We do not agree with counsel that the finding of
the jury to the effect that the plowing of a fire guard
or burning of one adjacent to the right of way by the
plaintiff would not have prevented the fire, is contrary
to the evidence, as the testimony of the plaintiff is to
the effect that such a fire guard would not have saved
his orchard that day.   All the evidence shows that it
was an exceptionally fierce fire.   Counsel for plaintiff
in error contends that the court erred in permitting
the attorney for the plaintiff to instruct the jury as to
the impropriety of arriving at a verdict by the method
of addition and division, which counsel for defendant in
error denominates in his brief, "a gambling verdict."
Objection was made to the attorney thus stating the
law to the jury, but the court permitted him to com-
plete his statement.   We observe that after this objec-
tion was made the further statement was merely a

repetition of what had already been said, and the whole statement does no more than tell the jury that a certain method of finding a verdict is improper. It does not purport to advise them how they are to reach the verdict. We are not prepared to say that it was reversible error to permit this statement to be made, although we cannot commend the practice.

In respect to the claim that chapter 155 of the Laws of 1885, under which this action is brought, is unconsti-

4. Statute con-tutional, we can only call attention to stitutional.  what we have heretofore said in two cases recently decided. We may add, however, that this court is quite willing to follow the decisions of the Supreme Court in its construction of the statutes of this State.

While there are some features which we have referred to connected with the trial of this case that are subject to criticism, we are yet unable to see our way clearly to set aside the verdict, which has received the approval of the trial court.

The judgment of the trial court will be affirmed.