THE CENTRAL RAILROAD *vs.* GLASS, administratrix.

The presumption of law being that the company was negligent in run-

ning over and hurting Glass, and the question whether such presumption was rebutted or not by the proof, having been fairly submitted to the jury, and there being no sufficient evidence of diligence to rebut the presumption, this court will not control the superior court in the exercise of its discretion in refusing the new trial—no substantial error having been committed by the court on the issue on which the case turned.

New trial. Before Judge HILLYER. Clayton Superior Court. September Term, 1877.

Reported in the opinion.

N. J. HAMMOND; SPEER & STEWART, for plaintiff in error.

GARTRELL & WRIGHT; JNO. T. GLENN, for defendant.

JACKSON, Judge.

This action was brought by Glass against the company, and he recovered a verdict. The company moved for a new trial; it was denied and the company excepted.

Glass was taken aboard the cars at Atlanta drunk; he had a ticket, but failed to give it to the conductor when it was called for before the train reached East Point; and that and two other stations were passed and he was not put off at either; when in three-quarters of a mile or a mile of another station, on an embankment some two hundred yards from a crossing, he was put off by the conductor and brakeman in a drunken condition, he saying that he would walk to Jonesboro, his place of destination, but starting off in the opposite direction back to Atlanta; when he got about a mile he lay down on the track; and the up-train from Macon ran upon him, and inflicted very serious injury upon his person. When the train from which Glass was ejected met the up-train, some twelve miles below the point of his ejection, the conductor and engineer of the up-train were told by those of the down-train that they had put off a drunken passenger up above, at or near Adamson's crossing, and to have a look-out for him; but these officers do not

show that they were diligent in looking out, notwithstand ing the warning.

There are various errors of law complained of, but none of them are so substantial as to require the grant of a new trial in the view we take of the case.

Leaving out of view altogether the conduct of the conductor and brakeman in putting Glass off the train at the place and time they did so, the law presumes that the uptrain which did the damage to the person of Glass was negligent, and there is, in our judgment, no sufficient proof of diligence on the part of the officers of that train to rebut this presumption. They do not show what they did, what measures they took to guard against the catastrophe which ensued—at least no sufficient care· and diligence is exhibited by them.

The damages are not excessive; the verdict in the above view of the case was right, the judge approved it, and we will not control his discretion.

Judgment affirmed.