McClelland, Adm'r, v. The Louisville, New Albany and Chicago R. W. Co.

ing of the action, is set out in full. In the third, the fact of such disaffirmance is averred without setting out the notice served. This difference, however, is not at all material. Under the averment in the third paragraph, the proof of such disaffirmance could be introduced just as effectually as if the written disaffirmance were set out in full. The sustaining of the demurrer to the second paragraph was, therefore, a harmless error, if error at all. As appellant had the benefit of a trial upon the facts averred in the first and third paragraphs of her complaint, we need not decide whether or not the second stated sufficient facts to withstand the demurrer. Nor need we decide whether, under the first and third, she was entitled to the relief demanded. The jury decided against her, and judgment was rendered accordingly. No question is made as to the correctness of the verdict or the judgment upon it. As the paragraphs of the complaint are very lengthy, it would not be profitable to set them out in full, nor more in detail than we have done.

As we find no available error in the record, the judgment is affirmed, with costs.

Filed March 27, 1884.

------

No. 10,817.

McClelland, Administrator, v. The Louisville, New Albany and Chicago Railway Company.

Practice.—*Harmless Error on Demurrer.*—Error in sustaining a demurrer to a paragraph of a pleading is harmless, where the facts alleged therein are contained in a remaining paragraph.

Same.— *Motion to Dismiss After Jury Retires.*—It is too late to ask leave to dismiss an action after the jury trying the same has retired to consult upon their verdict.

Same.—*Court May Correct Erroneous Instruction.*—A trial court may rightfully correct an erroneous instruction, upon the return of the jury into court requesting that the instructions again be read to them.

Railroad.—*Negligence.*—*Injury to Drunken Passenger.*—*Notice of Condition and Whereabouts.*—A drunken passenger upon a railway train was, owing

McClelland, Adm'r, *v.* The Louisville, New Albany and Chicago R. W. Co.

solely to his condition, carried past his destination, and then, failing to comprehend his liability to pay further fare or to get off the train, he was removed lawfully from the train by the conductor and assistants, and placed a short distance from the track. Subsequently he wandered upon the track, where he was run over and killed by another train at a point where those in charge of the latter train did not and could not see him in time to prevent the accident.

*Held,* that the railway company was not liable for his death, and was not chargeable with notice of his condition or whereabouts.

From the Monroe Circuit Court.

*M. F. Dunn* and *G. G. Dunn,* for appellant.

*G. W. Friedley* and *E. D. Pearson,* for appellee.

FRANKLIN, C.—This is a suit by appellant, as administrator of the estate of Isaac Brimmer, against appellee for the death of said Brimmer.

The complaint consists of seven paragraphs. A demurrer was sustained to the fourth and overruled as to the others. Issues were formed in the Lawrence Circuit Court, when the venue was changed to the Monroe Circuit Court, where a trial was had by jury, and a verdict was returned in favor of the defendant. A motion for a new trial was overruled and judgment rendered upon the verdict.

The errors assigned are the sustaining of the demurrer to the fourth paragraph of the complaint, the overruling of the motion for a new trial, and the overruling of appellant's motion to dismiss his cause of action.

It is unnecessary to copy the lengthy fourth paragraph of the complaint in this opinion. There could be no available error in sustaining the demurrer to it, for the reason that all the material facts that could have been proved under it were provable under the other paragraphs of the complaint, to which the demurrer was overruled; and appellant could not be injured by the sustaining of the demurrer to that paragraph.

The facts in this case, as shown by the record, are as follows: The deceased got on a passenger train on defendant's road at Campbellsburg and paid his fare to Mitchell. When the train arrived at Mitchell, it stopped, and the usual an-

nouncement of the station was made, but the deceased did not get off. In a short time it moved on with the deceased in his seat; when it had gone a short distance, a mile or over, the conductor of the train discovered that he was yet upon the train and went to him and discovered that he was drunk and in a stupefied condition; he aroused him up and asked him where he wanted to go, to which deceased made no reply; he then told him what the fare was to the next station if he wanted to go any further, to which the deceased still made no reply, but only laughed at the conductor, not appearing to comprehend the situation.

The conductor stopped the train and he and the brakeman led the deceased off of the train and set him down on the grass some feet to one side of the road, and left him there sitting up. In a short time afterwards a freight train on the defendant's road, which the passenger train had passed at Mitchell while standing on the side-track, came along following the passenger train. The deceased, in the meantime, had got upon the track of the road and was lying down on it. When he was discovered by the engineer of the freight train, in that condition, distinct enough to distinguish that the object was some person, he then blew the whistle, and those in charge of the freight train endeavored to stop it, but it was too late, the train ran upon the deceased and killed him.

The motion for a new trial contains nine reasons. The first three are in relation to the sufficiency of the evidence. All the others are in relation to the instructions, except the ninth, which is for overruling the motion to dismiss.

Appellant in his brief makes no special point upon the sufficiency of the evidence otherwise than as mixed up with his discussion of the general tenor of the instructions. And he makes this general proposition, covering the theory of the instructions asked by him and refused to be given, in contradistinction to those given by the court: That the conductor and managers of the passenger train, at the time they left the deceased by the side of the road, well knew his helpless con-

McClelland, Adm'r, v. The Louisville, New Albany and Chicago R. W. Co.

dition; that their knowledge of his condition was notice of that fact to the defendant, as a corporation, and all its employees; hence the employees in charge of the freight train at the time they left Mitchell were chargeable with notice of the position and condition of the deceased, and should have run careful enough to have stopped the train before it reached the deceased. Nothwithstanding appellant's extended argument upon this proposition we can not see any good reason for its maintenance. Notice is not to be presumed where the facts show that it was impossible for it to exist by any human agencies, unless the law expressly makes it so. And we know of no principle of law that will charge the managers of the freight train with notice that the deceased had got upon the track, before they saw him there, or had any information of his being there, and that required them to run slow enough to stop before they reached him. We see no negligence in the managers of the freight train that would justify the giving of the instructions asked.

Under the circumstances, the conductor of the passenger train had the right to put deceased off the train, and place him far enough to one side so as to be out of danger from passing trains, without some intervening agency. The conductor could not be expected or required to place a guard over him to prevent his getting upon the track; and his afterwards getting upon the track, and lying down there, could not be the natural and necessary or usual result of his having been left by the side of the road, or his death the proximate result of his having been so left. He was bound to be left on one side or the other of the road, and if he afterwards wandered upon the track it was his own folly, resulting from his unfortunate condition, for which the defendant ought not to be held responsible. The instructions asked and refused, and those given, are too long and numerous to copy in this opinion.

We think the instructions given fully and fairly presented to the jury the law as applicable to the case. And as to the

instructions asked and refused, what were correctly asked were substantially given by the court either in its own instructions, or the ones given of those that were asked, and there was no error in refusing to give those which were incorrect.

There is a bill of exceptions in the record showing that after the cause had been submitted to the jury, and they had retired to deliberate upon their verdict, they again returned into court and asked to have the instructions again read to them, which was done by the court; that during the reading the court materially modified and changed instruction No. 22, and ordered the jury to again retire to consider of their verdict. The jury were directed to retire from the room, and, when absent, the plaintiff moved the court for leave to dismiss his cause of action, and asked leave to take a nonsuit, to which the defendant objected, and the court overruled the motion, which ruling is complained of as a last reason for a new trial.

As to a modification and change of the instruction the record nowhere shows what it was. Whether the instruction No. 22 asked by the defendant, and given by the court, as it appears in the record, is in its modified and changed form, or as originally given, we can not tell. Considering it in its recorded form, we see no error in it. But no complaint is made as to the correctness of the modification; the objection is only as to the fact of a change. It is not error to correct an instruction.

As to the overruling of the motion to dismiss: The 333d section of R. S. 1881 provides that the plaintiff may dismiss his action any time before the jury retires. And in all other cases the decision must be upon its merits. See the cases of *Dunning* v. *Galloway*, 47 Ind. 182, and *Holland* v. *Johnson*, 51 Ind. 346.

In this case the cause had been submitted to the jury, and they had retired to consider of their verdict before the plaintiff moved for leave to dismiss his cause, or take a nonsuit,

and it makes no difference if the jury had returned and heard the instruction re-read. After the jury had retired a second time to deliberate upon their verdict, under the above statute, the defendant had the right to insist upon a verdict on the merits of the cause, and there was no error in overruling plaintiff's motion to dismiss, nor in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

