# Nash, Admrx, etc. v. Southern Railway Company.

## Action for Damages for Negligently Causing Death.

1. *Contributory negligence; drunkenness.*—The law exacts from one intoxicated the same care and precaution to avoid injury as from a sober person of ordinary prudence under like circumstances.

2. *Same; burden of proof.*—The burden of proving contributory negligence is on defendant, except when the plaintiff's evidence relieves defendant from discharging it.

3. *Passengers; ejection from train; drunkenness.*—A conductor of a train, having reasonable regard to the safety of life and limb of a passenger, has a right to eject therefrom at a proper place and under suitable conditions a passenger who is intoxicated and boisterous and who is staggering about the car, using profane language.

4. *Same; proximate cause.*—The departure of a passenger from a train at his destination cannot be said to be the proximate

12o

[Nash, Admrx. etc. v. Southern Railway. Company.]

cause of his death shortly thereafter while on the railroad track at or near the depot.

5. *Trespasser on track; liability; general charge.*—A passenger in an intoxicated condition got off a train at his destination in the night time. Another train passed during the night, and shortly thereafter his head was found on the track opposite the depot and other parts of his body on the side of the track forty feet distant. *Held*: That the deceased was a trespasser, and that in the absence of wantonness or willful wrong in killing him, the general affirmative charge was properly given for defendant railroad company.

7. *Amendment to complaint; when allowable.*—After the evidence in a case is closed, it is not error for the court to refuse to allow the complaint to be amended by the addition of another count, which is subject to demurrer and is not sustained by the evidence.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This was an action by appellant as administratrix of the estate of James Nash, deceased, against appellee for the alleged wrongful killing of plaintiff's intestate at Maylene, Alabama, an the 28th day of December, 1900. There were several counts in the complaint, same charging the death as due to defendant's negligence, and others to wantonness or willful wrong on the part of defendant's employes. Demurrers to certain counts were interposed, but in view of the judgment entry, as shown by the opinion, it is not deemed necessary to set out said demurrers.

The opinion shows the material facts. At the conclusion of plaintiff's evidence the court, at defendant's request, gave the general affirmative charge in its behalf, and plaintiff appeals.

PINCKNEY SCOTT, for appellant, as to the propriety of the general affirmative charge for defendant, cited *L. & N. R. R. Co. v. Johnson,* 108 Ala. 62; s. c. 104 Ala. 241; 5 Am. & Eng. Ency. Law (2d ed.), 600.

JAMES WEATHERLY, *contra.*

HARALSON, J.—The assignments of error as to counts of the complaint are to the overruling separately and severally of defendant's demurrers to the 1st, 2nd, 3rd, 5th, 7th and 9th counts, but it appears there was no judgment of the court on these demurrers. The other assignments of error relate to the action of the court in refusing to allow the plaintiff to amend the complaint by adding an additional count numbered 10, and in giving the general affirmative charge for defendant.

There were three pleas, 1st, not guilty, 2nd, plea of contributory negligence to each count, to which pleas a demurrer was sustained, and the 3rd, that the plaintiff's intestate was a trespasser or *quasi*-trespasser on the track of defendant at the time of his injury and death, and that the injuries which caused his death were not inflicted wantonly or willfully or intentionally by the defendant or any of its employes. On motion of the plaintiff, as the judgment entry recites, that part of the plea averring that intestate was a trespasser on the track was quashed, leaving the plea averring a want of willfullness or wantonness in defendant, and issue was joined thereon. The course of the trial shows that the case was tried on the defenses that defendant was guilty of no negligence; on the plea of contributory negligence of the plaintiff's intestate, and that he was a trespasser on defendant's track, and will be reviewed on the evidence as applicable to these defenses.

In *C. & W. R. Co. v. Wood*, 86 Ala. 166, this court, through STONE, C. J., approved the doctrine thus stated by Mr. Beach: "Drunkenness is a wholly self-imposed disability, and in consequence is not to be regarded with that kindness and indulgence which we instinctively concede to blindness, or deafness, or any other physical infirmity. Trespassers go at their peril. This is settled law. Much more is it just to hold that they make themselves drunk at their peril. Disabilities, moreover, of any kind, are a shield, and never a sword. It would be a strange rule of law that regarded a certain course of conduct negligent and blame-worthy upon the part of a sober man, but that held the same conduct, on the part of the same man when intoxicated, venial and excusa-

ble. Drunkenness will never excuse one for a failure to exercise the measure of care and prudence which is due from a sober man under the same circumstances." Beach on Cont. Negligence, § 492.

Again, approving this rule, the court said: "Drunkenness does not exempt a person from the responsibility of contributory negligence. If intoxication renders a person reckless or indifferent to consequences, or inadvertent, or thoughtless, and he fails to exercise due care, his failure or omission will not be excused because superinduced by his intoxication. The law exacts from one intoxicated the same care and precaution to avoid injury as it would from a sober person of ordinary prudence under like circumstances."—*Johnson v. L. & N. R. Co.*, 104 Ala. 246.

The evidence for the plaintiff shows, without conflict, that plaintiff's intestate, Nash, entered a passenger coach of the defendant at Bessemer without a ticket, and paid to the conductor his fare to Maylene; that when he got on the train he had a bundle with him, and it contained two bottles of whiskey which were unopened, and he was very much intoxicated; that he was staggering around and boisterous, using very bad language and was hardly able to stand on his feet; that Nash told the conductor he desired to go to Maylene; that the conductor at first refused, stating that the train did not stop at that point, at which Nash became so noisy and boisterous the conductor told him if he would behave himself and be quiet, he would take him to Maylene; that intestate was not quiet, and when the train stopped at Mobile Junction, he wanted to get off there, but did not, and that some of the employes of the company stayed with him until he arrived at Gurney, seven miles this side or short of Maylene, where the witness deposing to the above facts left the train and saw no more of what occurred. This witness also stated that when he got off, Nash was still walking around over the coach talking, and staggering about; that he did not seem to talk like he had sense, could stand up without assistance, but could not walk very well without it, and while on the train he did not drink anything that he saw. There

is no evidence tending to show how he got off the train, whether by himself or with the assistance of another. The evidence tended to show that the train arrived at Maylene about 1 o'clock A. M.; that the weather was cold and the night drizzly and dark, and that another train from the south going north came along, during the night, and afterwards the body of Nash was found cut in two, with the head lying between the rails opposite the depot, and other parts of the body some forty feet to the north side of the track. The bundle containing the whiskey was also there found. It was shown that deceased lived at Maylene, which was a regular station but not a regular stopping place; that there was a store there, about twenty-five or thirty yards from the depot; that a box-car with a platform in front constituted the depot, and that no night office was at the place, and no one was kept on duty at night.

Contributory negligence is matter of defense, the *onus* of proving which is on the defendant, except when the plaintiff's evidence relieves defendant from discharging it.—*K. C., M. & B. R. R. Co. v. Crocker*, 95 Ala. 412, 428.

From the evidence in this record the conduct of deceased was such as for which the conductor would have been justified in ejecting him from the train at a proper place and under suitable conditions, having reasonable regard to the safety of his life and limb.—*L. & N. R. R. Co. v. Johnson*, 104 Ala. 241, s. c. 108 Ala. 62. If the conductor had this right, there certainly was no negligence or breach of duty in allowing deceased to get off the train at the point of his destination, or to assist him in departing. The one or the other was done, but which, does not appear. The injury did not happen on the train, but after he got off. His departure from the train, under the evidence cannot be regarded as the natural and proximate cause of his death, or as connected with it, except as he himself connected it by his voluntary intoxication, and the suit is not brought for the killing of the intestate, disconnected with his condition and what occurred on the train. It also appears that when killed, intestate was on the track of the company, and was a trespasser thereon. The company was under no duty, so far as the evidence discloses, to look after and

guard him through the night, and to keep him from off the track.—*McClellan v. Railroad Co.*, 94 Ind. 276.

The cases cited by plaintiff's counsel and to which we have referred, were cases where the deceased was expelled from the train for drunkenness or improper conduct, at a place and under conditions which were dangerous, rendering such ejection at the time and place unlawful.

The only evidence offered was by the plaintiff, and after it was all in she proposed to add another count to the complaint, numbered 10, to which defendant objected, "because said count is subject to demurrer, to the effect that it shows that plaintiff's intestate was a trespasser on the track of the defendant, but fails to allege or show that the injuries of which he died were wantonly or willfully inflicted, and the same is indefinite and uncertain; and because the count proposed as an amendment has no evidence to support it."

The proposed amendment, after the evidence closed, by the addition of count 10 was subject to demurrer, and was not sustained by evidence. There was, therefore, no error in disallowing it.—*Beavers v. Hardie*, 59 Ala. 570.

The affirmative charge was properly given for defendant.

Affirmed.