McCoy v. Millville Traction Co.    *83 N. J. L.*

---

JAMES McCOY, ADMINISTRATOR, &c., OF THOMAS O. McCOY, PLAINTIFF IN ERROR, v. MILLVILLE TRAC-TION COMPANY, DEFENDANT IN ERROR.

Argued March 12, 1912—Decided November 18, 1912.

1. To justify a trial judge, in his charge, in deciding a question of law against a plaintiff, the proofs must be in such a state that no inference of fact upon which the legal question depends can be legitimately drawn in his favor.

2. Even as to persons who are partly incapacitated, a carrier is not liable for subsequent injuries, unless there was negligence as to the time and place of expulsion from the carrier's car.

3. In ejecting a drunken passenger from its car the carrier is bound to exercise reasonable care to avoid injuring him. The servants of the carrier should use due care not to expel a passenger (or even a trespasser) at a time or place which is dangerous, and the carrier will be liable for negligence in that regard not only for injuries directly suffered in connection with such expulsion, but also for subsequent injuries proximately due thereto, such as an injury from other cars which the ejected passenger could not reasonably avoid, the probable consequences of improper exposure, and the like. And it will be no answer that the person was injured by reason of his helplessness, due to intoxica-tion or like cause, if his condition was known to the servants of the carrier, and the consequent injury resulting from such ex-pulsion could have been reasonably anticipated.

4. Where the proofs would have justified the jury in finding (1) that the decedent, when ejected from the defendant's trolley car, was so drunk as to be unable to stand without assistance, or to care for himself, and that (2) he was put off in the night time at a point where the snow on either side of the track was banked two feet deep, and which point was distant twenty yards from a "shelter shed" maintained by the defendant on the opposite side of and abutting the track, the question whether reasonable care was exercised in putting him off at a safe place is for the jury.

On error to the Supreme Court.

For the plaintiff in error, *Wescott & Wescott.*

For the defendant in error, *Walter H. Bacon.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff's intestate, Thomas O. McCoy, boarded defendant's trolley car at Millville about seven o'clock Christmas night, 1908.   He was so drunk that he had to be helped aboard of the car.   He was bound for Vineland, several miles away, where he lived.   At first, he sat on a rear seat, and then went out on the rear platform where he stood "with his back to the dash and his arm on the controller."   Meanwhile the car had proceeded about one mile out into the open country over the single track road which runs in a northerly direction on the east side of a public highway.   A dispute then arose between McCoy and the conductor over the payment of fare, and later he was put off the car.   He was put off on the left hand or west side of the car, at a point about twenty yards distant from a "shelter shed" maintained by the defendant, and which stood on the east side of and abutting the track.   At the time the ground was covered by snow.   According to the testimony there was a bank of snow about two feet high on both sides of the track where it had been thrown by a snow plow.   Shortly after he was put off, another car of the defendant company, running in the same direction as that in which McCoy had been riding, ran over and killed him, and this suit was brought by his administrator to recover damages for his death.

The trial, at the Cumberland Circuit, resulted in a verdict for the defendant, and this writ of error brings up for review the judgment entered thereon.

We are of opinion that the judgment must be reversed because of error, prejudicial to the plaintiff, in the charge of the court.

The declaration charged negligence in two aspects—*first,* in ejecting the plaintiff's intestate at a dangerous time and

place while in a state of "extreme intoxication and unable to care for himself," and *second,* in the careless operation of the second car.

In his charge to the jury the learned trial judge said: "The fair inference from the proof is that he (McCoy) was ejected because he did not pay his fare." Continuing he said: "As this case stands the company had a legal right to put Mr. McCoy off the car. In doing what they did, they were exercising their plain, clear legal right, and under the proof they discharged him in a place of safety. They discharged him where they usually discharged passengers, on the public highway, where he was entirely safe. So that you must, under the charge of the court, entirely eliminate from consideration any act of the company up to and including the time he was discharged from the car upon the public highway. The only question, therefore, under this declaration, that you are permitted to consider is, was the company negligent in running him down." Now before passing to a consideration of that part of the charge clearly necessitating a new trial, it may serve a useful purpose to point out the doubtful propriety of holding as a matter of law that the company had a clear legal right to eject McCoy in view of the meager proof. The judge so held because he said, "The fair inference from the proof is that he was ejected because he did not pay his fare." No doubt such was *a fair inference,* but the question confronting the judge was this: was it the *only legitimate inference?*

The only witness who testified upon this topic said: "The conductor went out after his fare and when he went I heard him say to him—I didn't hear what Tommy (McCoy) said— but he says, 'you will have to pay your fare or get off.' Then he shut the door and I did not hear any more." How soon thereafter McCoy was put off does not appear, but it is a reasonable inference from the testimony that some considerable time intervened. If from this meager testimony an inference was to be drawn that McCoy had not in fact paid his fare, and that he was ejected for that reason, we incline to think it must be drawn by the jury and not by the judge, for

the reason that it was not the only legitimate inference that might possibly have been drawn therefrom.

To justify a trial judge, in his charge, in deciding a question of law against the plaintiff, the proofs must be in such a state that no inferences of fact upon which the legal question depends, can be legitimately drawn in his favor.

We pass now to that part of the charge which in our opinion clearly requires a reversal of the judgment. We refer to the instruction that "under the proof, they (the company) discharged him (McCoy) in a place of safety."

If the judge erred in treating this as a court question, it prejudiced the plaintiff and leads to a reversal because, even as to persons who are partly incapacitated, the carrier is not liable for subsequent injuries, unless there was negligence as to the time and place of expulsion. *Burch* v. *Baltimore, &c., Railroad Co.,* 3 *App. Cas. (D. C.)* 346; *McClelland* v. *Louisville, &c., Railroad Co.,* 94 *Ind.* 276; *Haley* v. *Chicago, &c., Railroad Co.,* 21 *Iowa* 15; *Brown* v. *Louisville, &c., Railroad Co.,* 103 *Ky.* 211; *Edgerly* v. *Union Street Railroad Co.,* 67 *N. H.* 312; *Roseman* v. *Carolina Central Railroad Co.,* 112 *N. C.* 709; *Railway Co.* v. *Vallelley,* 32 *Ohio St.* 345.

In ejecting a drunken passenger from its car, the carrier is bound to exercise reasonable care to avoid injuring him. The servants of the carrier should use due care not to expel a passenger (or even a trespasser) at a time or place which is dangerous, and the carrier will be liable for negligence in that regard, not only for injuries directly suffered in connection with such expulsion, but also for subsequent injuries proximately due thereto, such as an injury from other cars which the ejected person could not reasonably avoid, the probable consequences of improper exposure, and the like. And it will be no answer that the person was injured by reason of his helplessness due to intoxication or like causes, if his condition was known to the servants of the carrier, and the consequent injury resulting from such expulsion could have been reasonably anticipated. *Louisville, &c., Railroad Co.* v. *Gatewood,* 14 *Ky. L. Rep.* 108; *Young* v. *Texas, &c., Railroad Co.,* 51

*La. Ann.* 295; *Hudson* v. *Lynn, &c., Railroad Co.,* 178 *Mass.* 64; *Eidson* v. *Southern Railroad Co.,* 23 *So. Rep.* 369; *Louisville, &c., Railroad Co.* v. *Johnson,* 108 *Ala.* 62; *Illinois Central Railroad* v. *Latimer,* 128 *Ill.* 163; *Central Railroad Co.* v. *Glass,* 60 *Ga.* 441; *Gill* v. *Rochester, &c., Railroad Co.,* 37 *Hun* (*N. Y.*) 107.

The testimony in the case at bar would have justified the jury in finding, if they had seen fit and had been permitted so to do—*first,* that the decedent when ejected was so drunk as to be unable to stand without assistance, or to care for himself, and *second,* that he was put off in the night time at a point where the snow on either side of the track was banked two feet deep, and which point was distant twenty yards from the shelter shed on the opposite side of and abutting the track. Whether, therefore, reasonable care was exercised in putting him off at a safe place, involved a consideration of the physical and mental condition of the decedent, and the surroundings and condition of the place of his expulsion, and that question under the proofs in this case should have been submitted to the jury.

Because of the erroneous action of the trial judge in treating that as a court question and deciding it adversely to the plaintiff, the judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—THE CHIEF JUSTICE, VOORHEES, WHITE, JJ. 3.

*For reversal*—GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, VREDENBURGH, CONGDON, TREACY, JJ. 9.