### TEXAS CENT. RY. CO. v. ROSE.

(Court of Civil Appeals of Texas. Dallas. Dec. 13, 1913.)

1. CARRIERS (§ 353*)—CARRIAGE OF PASSENGERS—RIGHT TO EJECTION.

Even though plaintiff purchased a ticket, yet if he refused to deliver it to the conductor for cancellation, and informed him that he had no money to pay his fare, the carrier's servants may properly eject him, whether he was intoxicated or not.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1415; Dec. Dig. § 353.*]

2. NEGLIGENCE (§ 8*)—CARE AS TO PERSON INTOXICATED.

The care due of a person intoxicated to the extent of being unable to take care of himself is that of reasonable care to avoid injuring him.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 10; Dec. Dig. § 8.*]

3. CARRIERS (§ 366*)—CARRIAGE OF PASSENGERS—PRESUMPTIONS.

Where the employés of a common carrier do not know of the condition of an intoxicated person, they may act upon the presumption that he will exercise care to avoid injury, for they are under no obligation to take unusual precautions to protect an intoxicated man from the consequences of his own folly.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1454; Dec. Dig. § 366.*]

4. APPEAL AND ERROR (§ 1064*)—REVIEW—HARMLESS ERROR.

In a personal injury action by a passenger who had been ejected from a train while in an intoxicated condition, owing to his refusal to pay his fare or to produce his ticket, where he counted upon the negligence of the carrier's servants in leaving him at a danger-ous place while physically and mentally incapacitated, repeated charges, which allowed recovery upon proof of either physical or mental incapacity, were prejudicial, for if only physically incapacitated, plaintiff could have used care to protect himself from injury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

5. CARRIERS (§ 366*)—CARRIAGE OF PASSENGERS—EJECTION OF INTOXICATED PASSENGER.

Where the servants of a carrier ejected an intoxicated passenger who was both mentally and physically incapacitated, the carrier's liability depends upon whether the place of ejection was such a one as a prudent person would have considered safe under the circumstances.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1454; Dec. Dig. § 366.*]

Appeal from District Court, Dallas County; Horton B. Porter, Judge.

Action by Charley Rose, by next friend, against the Texas Central Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Alex. S. Coke and S. W. Marshall, both of Dallas, and Spell & Sanford, of Waco, for appellant. Walter Collins and Shurtleff & Cummings, all of Hillsboro, for appellee.

RAINEY, C. J. Suit by appellee against appellant to recover damages for personal injuries in the loss of a leg through the alleged negligence of appellant. The petition alleged, in substance, that on the 17th of September, 1912, while in Waco, Tex., he became intoxicated to such an extent that he was rendered mentally and physically incapable of protecting himself from danger, or of appreciating his danger, or of knowing and understanding the nature and consequences of his acts, and that said condition obtained until after he received the injuries alleged; that while in such condition he purchased a ticket which entitled him to transportation from Waco to Aquilla, and, boarding the train at Waco, the train crew at the time knowing his condition, was put off at Tokio, a station nearer Waco than his destination; that he was still in the same condition, and said place was one of danger, and that trains passed at intervals over said track, and plaintiff on account of said condition came in contact with one of defendant's trains, and his leg was so mashed amputation was necessary. Defendant answered by general and special exceptions, and denied specially any knowledge on the part of defendant's agent that appellee was intoxicated; that the conductor called on appellee for his fare, and appellee denied having a ticket, or that he had any money with which to pay fare, and that when Tokio, a regular station, was reached appellee got off the train without assistance; and also contributory negligence. A trial resulted in a verdict and judgment for $10,000, from which this appeal is taken.

The appellant complains of the following

paragraph (7) of the court's charge: "If you believe from the evidence that the plaintiff, Charley Rose, or some one for him, bought a ticket from the defendant's agent at Waco, which entitled the plaintiff to ride on defendant's train to Aquilla, and that after buying the ticket he boarded the train he was mentally or physically incapable from the use of intoxicants of caring for and protecting himself, and that the defendant's employés in charge of the train knew that such was his condition or knew from his conduct such facts as reasonably would have produced such knowledge in an ordinary mind, and that the defendant's servants of its train with such knowledge allowed the plaintiff to board said train, and that said employés knew at the time plaintiff boarded the train that his destination was Aquilla, and if you further believe from the evidence that at Tokio the defendant's employés in charge of said train ejected plaintiff from the train, or that plaintiff debarked from said train at the order or request of the defendant's employés, and that after leaving said train he was injured, as alleged in his petition, and if you further believe from the evidence that the defendant's employés in charge of said train were guilty of negligence in ejecting plaintiff from the train, if they did, or in directing or ordering him to leave the train at said place as they did, and that such negligence, if any, was the proximate cause of plaintiff's injury, if any, you will find for plaintiff."

[1-3] The charge assumes that because appellee had bought a ticket to Aquilla he was entitled to the same care as a passenger, regardless of his refusal to deliver it to the conductor when called on to do so. Under the evidence we think this was error. Conceding that appellee had purchased a ticket entitling him to transportation, it was of no use unless presented to the conductor for cancellation. The uncontradicted testimony shows that appellee denied having a ticket, or that he had money to pay his fare. Such being the case the servants of appellant had the right to eject him at a proper place, whether he was intoxicated or not. The care due an intoxicated person to the extent of being unable to take care of himself is that of reasonable care to avoid injuring him. If the employés do not know of the condition of the intoxicated person, they may, as a rule, act upon the presumption that he will exercise care to avoid injury, for they are under no obligation to take unusual precaution to protect a man from the consequences of his own folly or wrong. Elliott, R. R., § 1172 (2d Ed.); Railway Co. v. Evans, 71 Tex. 361, 9 S. W. 325, 1 L. R. A. 476; Brown's Adm'r v. Railway Co., 103 Ky. 211, 44 S. W. 649; Nash v. Railway Co., 136 Ala. 177, 33 South. 932, 96 Am. St. Rep. 19; McClelland v. Railway Co., 94 Ind. 276.

[4] The court also told the jury that if when appellee boarded the train he was "mentally or physically incapable from the use of intoxicants of caring for and protecting himself," and the employés knew of it, and they were negligent, etc., in ejecting him the appellant would be liable. It will be noted that liability is based on the existence of two conditions of the appellee at the time of his ejection, for either of which a recovery could be had, viz., that of mental incapacity, and that of physical incapacity, when a recovery is sought upon the ground of mental and physical incapacity, and a recovery could only be had upon the evidence showing both mental and physical incapacity. The error is emphasized in three or four paragraphs of the charge, which aggravates the error and renders it reversible error. A man intoxicated is not always mentally incapacitated thereby, and his mind may be able to appreciate his condition and fully realize his situation. If he was physically incapacitated and the mind not, he could not go into danger, if placed in a safe place. But if mentally incapacitated only, he could not use his senses, and would be liable to run into danger.

[5] If the appellee at the time of his ejection from the train was mentally and physically incapacitated from being able to care for and protect himself from danger, then appellant's liability depends upon whether or not the place where ejected was such a one as a prudent person would have considered safe under the circumstances. Thompson on Neg., vol. 3, §§ 3246–3248.

There are various assignments of error which we will not discuss. What we have said sufficiently shows upon what line the case should be tried.

The judgment is reversed, and the cause remanded.